Jesus ALEJANDRO, Appellant,

v.

ROBSTOWN INDEPENDENT
SCHOOL DISTRICT, et
al., Appellees.

No. 13–01–00780–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 1, 2004.

William J. Kolb, Alice, for Appellant.

Angelica E. Rodriguez Barrera, Phillip A. McKinney, Hornblower, Manning & Ward, Corpus Christi, for Appellees.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Jesus Alejandro, was terminated from his position as the Assistant Superintendent for Business and Finance with the Robstown Independent School District ("RISD"). Appellant sued the following appellees: RISD; Leobardo Cano, individually and in his official capacity as RISD's Superintendent of Schools ("Superintendent Cano"); and Adolfo Lopez and Oscar Lopez, individually and in their official capacities as members of the RISD Board of Trustees. Appellant alleged retaliatory discharge under the Texas Whistleblower Act ("the Act").[1] The trial court granted appellees' motion for directed verdict and assessed sanctions against appellant and his attorney in the amount of $23,764.77 for the costs, expenses, and attorneys fees incurred by appellees in defending the suit. By two points of error, appellant contends: (1) the trial court erred in granting a directed verdict; and (2) the evidence is legally insufficient to support the sanctions imposed against him. We affirm the trial court's judgment granting the directed verdict. We reverse the trial court's sanctions order and render judgment that appellees' motion for Texas Rule of Civil Procedure 13 sanctions be denied.

### A. FACTUAL BACKGROUND

As part of his duties as RISD's Assistant Superintendent for Business and Fi-

---

1. In his first amended petition, appellant also alleged violations of article 1, sections 8 and 19 of the Texas Constitution. However, he does not pursue these claims on appeal. *See* TEX.R.APP. P. 38.1.

nance, appellant reviewed and approved purchase orders for travel and related expenses for RISD employees and school board members. In September 1998, RISD school board members Adolfo Lopez and Oscar Lopez went on an RISD business trip accompanied by their spouses. RISD paid the airfare for both board members and their spouses. Appellant reviewed and approved the purchase orders for the travel and authorized the check to be issued to the travel agency. After the trip, Adolfo Lopez and Oscar Lopez reimbursed RISD for their respective spouses' flights.

On December 9, 1998, appellant wrote to Superintendent Cano, alleging that Adolfo Lopez and Oscar Lopez had engaged in the misuse of public funds, abuse of office, and official misconduct. In the letter, appellant claimed that Adolfo Lopez and Oscar Lopez had illegally used RISD funds to pay for their respective spouses' airfare, and that such conduct violated article 3, section 52(a) of the Texas Constitution[2] and section 39.02(a) of the penal code.[3] Appellant further claimed that expenses

for a second hotel room,[4] the personal use of a van rented by RISD for the business trip, and $30 in valet parking were unnecessary and unreasonable expenses and, thus, violated section 45.105 of the Texas Education Code.[5] Lastly, appellant alleged that claiming a full per diem reimbursement when receiving a complimentary meal violated section 37.10 of the penal code.[6]

## B. DIRECTED VERDICT

By his first point of error, appellant contends the trial court erred in granting appellees' motion for directed verdict. He asserts there are disputed issues of material fact on each element of his claim that cannot be resolved as a matter of law and require submission to a jury.

 A court may direct a verdict when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recovery. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex.2000). A trial court

2. Article three, section 52(a) of the Texas Constitution prohibits the Legislature from authorizing a county, city, town, or subdivision of the State to lend its credit or to grant public money or thing of value to any individual, association, or corporation. TEX. CONST. art. III, § 52(a). This section is intended to prevent the gratuitous grant of public funds for private purposes. *Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex.1995).

3. Under section 39.02(a) of the penal code, a public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly violates a law relating to his employment, or misuses government property, services, personnel, or any other thing of value belonging to the government that has come into his custody or possession by virtue of his employment. TEX. PEN.CODE ANN. § 39.02(a) (Vernon 2003).

4. Appellant reasoned that because Oscar Lopez and Adolfo Lopez were traveling together,

it was reasonable to expect them to have shared a room. But, because their spouses were traveling with them, the additional cost was tantamount to paying for the spouses' hotel rooms.

5. Section 45.105 of the education code authorizes the expenditure of local school funds for the purposes listed for state and county available funds and for other purposes necessary in the conduct of the public schools determined by the board of trustees. TEX. EDUC CODE ANN. § 45.105(c) (Vernon Supp. 2004).

6. A person commits an offense under section 37.10 of the penal code if he knowingly makes a false entry in a governmental record or presents a record with knowledge of its falsity and with intent that it be taken as a genuine governmental record. TEX. PEN.CODE ANN. § 37.10(a)(1)-(2) (Vernon 2003).

may also direct a verdict for a defendant if the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action. *Reyna v. First Nat'l Bank*, 55 S.W.3d 58, 69 (Tex.App.-Corpus Christi 2001, no pet.).

 On review, we examine the evidence in the light most favorable to the party against whom the verdict was rendered and disregard all contrary evidence and inferences. *Qantel Bus. Sys. v. Custom Controls*, 761 S.W.2d 302, 303–04 (Tex. 1988). When reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978); *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 749 (Tex.App.-Corpus Christi 1998, pet. denied). When no evidence of probative force on an ultimate fact element exists, or when the probative force of testimony is so weak that only a mere surmise or suspicion is raised as to the existence of essential facts, the trial court has a duty to instruct the verdict. *Villarreal v. Art Inst. of Houston, Inc.*, 20 S.W.3d 792, 796 (Tex.App.-Corpus Christi 2000, no pet.). The reviewing court may affirm a directed verdict even if the trial court's rationale for granting the directed verdict is erroneous, provided it can be supported on any other basis. *Id.*

### 1. *Causal Link between Report and Termination*

Appellant asserts he satisfied the elements of a whistleblower claim because he reported, in good faith, the alleged misuse of public funds, abuse of office, and official misconduct by Adolfo Lopez and Oscar Lopez to the County Attorney, District Attorney, and Texas Education Agency ("TEA").

 Under the Texas Whistleblower Act, public employees are protected from retaliation for reporting, in good faith, violations of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. TEX. GOV'T CODE ANN. § 554.002(a) (Vernon Supp.2004). To establish causation in a whistleblower action, a public employee must prove that without the report of a violation of law, the employer's prohibited conduct would not have occurred when it did. *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995). The plaintiff is required to establish a "but for" causal nexus between the report of misconduct and the employer's actions. *Tex. Natural Res. Conservation Comm'n v. McDill*, 914 S.W.2d 718, 723 (Tex.App.-Austin 1996, no writ). A jury may not infer causation without some evidence from the plaintiff to support such a finding. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 68 (Tex.2000). The Texas Supreme Court has noted that certain circumstantial evidence may be sufficient to establish a causal link between the adverse employment action and the reporting of illegal conduct. *Id.* at 69. Such evidence includes: (1) knowledge of the report of illegal conduct; (2) expression of a negative attitude toward the employee's report of the conduct; (3) failure to adhere to established company policies regarding employment decisions; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the adverse employment action was false. *Id.*

The record in this case shows that in February 1999, after appellant's report concerning the actions of Adolfo Lopez and Oscar Lopez, Superintendent Cano conducted appellant's annual performance review. Despite some evidence of weak performance in a few vital areas, appellant's employment continued on the same terms.

On April 1, 1999, TEA issued its final report in an investigation of RISD that

had been initiated prior to appellant's report. TEA revealed several instances of deviations from RISD policy by the business office. For example, on one occasion, the business manager failed to obtain the superintendent's approval before he ordered payment to the district's legal counsel, in violation of local policy. In view of these problems, TEA assigned a monitor to oversee operations at RISD and recommended an audit of RISD's financial practices and procedures.

Effective May 20, 1999, Superintendent Cano reassigned appellant from the business office to a position within RISD with supervision over: (1) the energy conservation program; (2) the records management program; and (3) the workers' compensation and safety program. The letter of reassignment stated, "[n]othing in this reassignment of your duties will cause any change in your compensation, benefits, or contract status. You will continue to have the same pay rate and benefits in your new position." The letter listed the results of the TEA investigation as support for Superintendent Cano's decision. The school board upheld the reassignment.

Concurrently, in compliance with the TEA report and the TEA monitor's request, Superintendent Cano ordered a special audit of the business office. As a result of that audit, TEA uncovered appellant's violation of competitive bidding laws and appellant's own unreimbursed expense for a trip to New York City.

In August 1999, Superintendent Cano and the school board initiated the process to terminate appellant's employment. Superintendent Cano provided appellant with written notice of the reasons for termination, including failure to comply with board policies and TEA regulations, appellant's violation of competitive bidding laws, and appellant's use of: (1) RISD property for personal business, (2) RISD computer to visit inappropriate internet sites, and (3) unauthorized telephone recording equipment. Finally, on October 25, 1999, appellant's employment was terminated as a result of Superintendent Cano's recommendation and school board vote.

■ Considering the evidence in the light most favorable to the party against whom the verdict was rendered, we cannot say that the trial court erred in directing a verdict in favor of appellees. Appellant's termination occurred more than ten months after his report. Thus, appellant was not entitled to a presumption that his termination was retaliatory. *See* Tex. Gov't Code Ann. § 554.004(a) (Vernon Supp.2004) (allowing for rebuttable presumption of causal connection if adverse employment action occurs not later than 90 days after employee reports violation of law).

In light of the stated reasons for appellant's termination and the evidence presented in support thereof, we conclude that the evidence fails to establish a "but for" causal nexus between appellant's report and appellant's reassignment and eventual termination. Accordingly, we hold that appellant failed to present any evidence raising a fact issue essential to his right of recovery. *See Prudential Ins. Co.*, 29 S.W.3d at 77.

### 2. *Personal Liability of the Individual Defendants*

■ The Act creates a private cause of action against the employing "state or local governmental entity." *See* Tex. Gov't Code Ann. § 554.002(a) (Vernon Supp.2004). However, the Act limits personal liability for individual defendants to a civil penalty. *See* Tex. Gov't Code Ann. § 554.008(e)

(Vernon Supp.2004).[7] Thus, under the Act, appellant has no private right of action against any of the appellees in their individual capacities. *See Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 401 (Tex.1998) (declining to create private common-law cause of action). Therefore, the trial court did not err in granting a directed verdict on appellant's claims against appellees in their individual capacities.

We overrule appellant's first point of error.

## C. SANCTIONS

By his second point of error, appellant contends the evidence is legally insufficient to support the sanctions imposed against him. Appellees contend the trial court properly imposed sanctions based entirely on the testimony adduced at trial.

■■■■ Imposing an available sanction is left to the sound discretion of the trial court. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex.1990). Thus, we review the trial court's actions under an abuse-of-discretion standard of review. *Rudisell v. Paquette*, 89 S.W.3d 233, 236 (Tex.App.-Corpus Christi 2002, no pet.). The test for determining whether the trial court abused its discretion is whether it acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). A trial court abuses its discretion in imposing sanctions only if it bases its order on an incorrect view of the law or an erroneous assessment of the evidence. *Randolph v. Jackson Walker, L.L.P.*, 29 S.W.3d 271, 276 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

■■■■ Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. TEX.R. CIV. P. 13. In determining whether sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Rudisell*, 89 S.W.3d at 237.

■■■■ Courts must presume that pleadings, motions, and other papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. TEX.R. CIV. P. 13; *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993) (orig.proceeding). Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading. *N.Y. Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex.App.-Dallas 1993, no writ); *Home Owners Funding Corp. of Am. v. Scheppler*, 815 S.W.2d 884, 888–89 (Tex.App.-Corpus Christi 1991, no writ). Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass. *New York Underwriters*, 856 S.W.2d at 205.

■■■■ In the instant case, appellees filed a motion for rule 13 sanctions after the trial court granted their motion for directed verdict. After notice, the trial court held an evidentiary hearing. At the hearing, appellees argued that appellant did not file his whistleblower suit in good faith,

---

**7.** The Act limits the personal liability of a supervisor or other individual who violates the Act to a civil penalty not to exceed $15,000, which is to be deposited into the state treasury after prosecution by the attorney general or appropriate prosecuting attorney. TEX. GOV'T CODE ANN. § 554.008 (Vernon Supp.2004).

relying on the relevant facts of appellant's conduct introduced at trial. The trial court then stated: "All right. All I've heard from so far are the lawyers. Do we have any evidence on the sanction request?" Appellees then presented evidence regarding the amount of costs and attorneys fees they had incurred in defending the suit. The trial court found the suit to be groundless and ordered sanctions.

■ A movant seeking rule 13 sanctions must establish both: (1) the frivolity of the opponent's claim; and (2) the improper motives underlying the decision to file the suit, motion, or document. *Karagounis v. Prop. Co. of Am.*, 970 S.W.2d 761, 765 (Tex.App.-Amarillo 1998, pet. denied). "This in turn makes it imperative for the trial court to convene and conduct an *evidentiary* hearing." *Id.* (Emphasis in original).

■ While some facts adduced during the trial of this case arguably established appellant's improper motives,[8] appellees never offered or introduced any such evidence at the sanctions hearing. At the hearing, appellees presented evidence only on the amount of costs, expenses, and attorneys fees incurred in defending the suit. They did not ask the trial court to consider or take judicial notice of any evidence heard during the trial. As we have held previously, evidence must be admitted in compliance with the rules of evidence at the evidentiary hearing for a trial court to consider it in a rule 13 context. *Alejandro v. Bell*, 84 S.W.3d 383, 393 (Tex.App.-Corpus Christi 2002, no pet.); *see also McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex.App.-Dallas 1993, no writ)

(reaffirming that motions and arguments of counsel are not evidence in a rule 13 context).

Having failed to receive into evidence the relevant facts regarding the circumstances surrounding the filing of the lawsuit, the trial court had no evidence before it to determine the motives and credibility of the person filing the allegedly groundless pleading or the relevant culpability of appellant or his attorneys. *See New York Underwriters*, 856 S.W.2d at 205. Accordingly, we hold that the trial court abused its discretion in assessing rule 13 sanctions against appellant. Appellant's second point of error is sustained.

We affirm the trial court's judgment granting appellees' motion for directed verdict. We reverse the trial court's sanctions order and render judgment that appellees' motion for sanctions be denied.

---

**8.** The evidence included, *inter alia*, testimony from appellant that he probably would have dismissed his claims against Adolfo Lopez and Oscar Lopez if they only had expressed regret to him for voting in favor of his termination. Further, in his brief to TEA on the appeal of his termination, appellant expressly stated it was not his intention to prove retaliation.