

NUMBER 13-12-00590-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WESLACO INDEPENDENT SCHOOL
DISTRICT AND RICHARD RIVERA,                                    Appellants,

v.

ADAN PEREZ JR.,                                                    Appellee.

On appeal from the 332nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

By two issues, appellants Weslaco Independent School District (the District) and

Richard Rivera appeal the trial court's denial of the District's motion to dismiss claims

asserted by appellee, Adan Perez Jr., against Rivera.  We reverse and render.

## I.  BACKGROUND

From 2004 until June 2010, Perez was employed as the District's risk manager. In this position, Perez oversaw the District's employee benefit plans, including the school district's self-funded workers' compensation fund and health insurance program.  In June 2010, Perez's employment with the District was terminated.   In March 2011, Perez filed suit against WISD and Rivera, the District's superintendent.

By his live petition,[1] Perez alleged that in early 2009, he became aware of the District's purported desire and eventual action to withdraw funds from the District's self-funded insurance programs "for the specific purpose of beginning construction of a new 'Press Box' at [the District's] football stadium."   Perez asserted in his petition that he was "rebuked" when he informed the District's chief financial officer that such withdrawal of funds was illegal.   Perez further asserted that he made several attempts to meet with Rivera about the issue, but "was denied access" to him.   Perez alleges that he continued to present his complaints to his supervisor, as well as "other administrators and members of [the District's] Board of Trustees."   According to Perez's petition, the District and Rivera sought to "silence" him and put a plan in place to terminate his employment.

Perez's lawsuit against the District and Rivera asserted various causes of action including:   (1) breach of contract; (2) breach of Perez's right of reasonable expectation to

---

[1] Perez initially filed suit in Hidalgo County district court.   The District then filed a notice of removal to the United States District Court for the Southern District of Texas, McAllen Division.   *See* 28 U.S.C.A. § 1446 (2013).   Perez subsequently amended his complaint and the cause was remanded back to Hidalgo County district court.

renewal of his contract; (3) violations of the Texas Whistleblower Act, *see* TEX. GOV'T CODE ANN. § 554.002 (West 2004), by the District and Rivera, in his individual capacity; (4) constitutional violations of due course of law rights, equal protection rights, and free speech under the Texas Constitution; and (5) common-law retaliation. Perez sought actual, exemplary, and statutory damages, attorney's fees, pre- and post-judgment interests, costs, and any other relief in law and in equity.

The District filed a motion to dismiss all claims asserted against it pursuant to 101.106(e) of the civil practice and remedies code.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). The trial court held a hearing and denied the District's motion to dismiss. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (West Supp. 2011); *see also City of Webster v. Myers*, 360 S.W.3d 51, 54–55 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding that section 51.01(a)(5) grants appellate jurisdiction to review a trial court's interlocutory order denying the City's motion to dismiss).

## II. RIVERA'S IMMUNITY

By its first issue, the District asserts that Rivera is immune from Perez's claims of common law retaliation and constitutional tort claims.

### A. Standard of Review

A trial court's granting or denial of a motion to dismiss under section 101.106 of the Texas Tort Claims Act raises an issue of immunity as conferred to employees of

---

[2] The District also filed a plea to the jurisdiction, which the trial court denied, and the District appealed. This Court addresses the District's plea to the jurisdiction in a companion appeal under Cause Number 13-12-581-CV.

governmental units. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n. 9 (Tex. 2011) ("By moving for summary judgment under [section 101.106], defendants were asserting claims of immunity."); *Myers*, 360 S.W.3d at 56. If immunity from suit applies, a trial court lacks subject matter jurisdiction over the case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject matter jurisdiction is a question of law which we review de novo. *Id.* at 226.

**B.    Discussion**

Under the Tort Claims Act's election of remedies provision, if a suit is filed against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Here, it is undisputed that the District is a governmental unit. *See id.* § 101.001(3)(B) (West Supp. 2011) (defining "governmental unit" as a political subdivision of the state including a school district). In his petition, Perez's alleges facts involving wrongful conduct by Rivera in his capacity as the District's superintendent. Additionally, Perez's live petition makes numerous references to the actions of the "Defendants" collectively, with the exception of his attempt to hold Rivera personally liable under the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002.

Further, Perez's argument that his claims fall outside the scope of the Tort Claims Act, and therefore render the election of remedies provision inapplicable, is unpersuasive. The Texas Supreme Court held that "because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its

4

employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106." *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)). The Tort Claims Act provides a limited waiver of the government's immunity to the following set of tort claims, none of which are asserted by Perez in his petition:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

We conclude that Perez's tort claims for common law retaliation and damages for violation of constitutional rights are barred by immunity against the District, and by extension Rivera, under sections 101.021 and 101.106(e). Accordingly, we conclude that the trial court lacks subject-matter jurisdiction to hear these causes. The District's first issue is sustained.

### III. TEXAS WHISTLEBLOWER ACT LIABILITY

By its second issue, the District contends that the trial court lacks subject matter jurisdiction to hear Perez's whistleblower claims against Rivera.

5

### A. Waiver and Standard of Review

As a preliminary matter, Perez argues that the District's second issue was not raised at the trial court and was therefore waived. *See* TEX. R. APP. P. 33.1(a). However, subject-matter jurisdiction cannot be waived and can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008). Accordingly, we will review all questions involving subject-matter jurisdiction on appeal. *Miranda*, 133 S.W.3d at 226.

### B. Discussion

The relevant statute provides as follows:

(a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

(b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

> (1) regulate under or enforce the law alleged to be violated in the report; or

> (2) investigate or prosecute a violation of criminal law.

TEX. GOV'T CODE ANN. § 554.002 (West 2004). Sovereign immunity is expressly waived with regard to a claim brought under section 554.002. TEX. GOV'T CODE ANN. § 554.0035 ("A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter.").

The issue here, however, is whether Perez may assert a private cause of action against Rivera, in his individual capacity, for alleged violations of the Texas

Whistleblower Act. We conclude that he may not. The Whistleblower Act allows an aggrieved employee to sue the "employing state or local governmental entity," but not a governmental employee, like Rivera, in his individual capacity. *See id.*; *Alejandro v. Robstown Ind. Sch. Dist.*, 131 S.W.3d 663, 668 (Tex. App.—Corpus Christi 2004, no pet.). Under section 554.008, an individual defendant's personal liability is limited to a civil penalty, TEX. GOV'T CODE ANN. § 554.008(e) (West 2004), and the statutory right to sue to collect a civil penalty under this section belongs to the "attorney general or appropriate prosecuting attorney," not a private party, like Perez. TEX. GOV'T CODE ANN. § 554.008(b); *see Alejandro*, 131 S.W.3d at 668. The trial court therefore erred in denying the District's motion to dismiss Perez's whistleblower claims against Rivera in his individual capacity. Accordingly, we sustain the District's second issue.

## IV. CONCLUSION

We reverse the trial court's denial of the District's motion to dismiss and render judgment that Perez's causes of actions against Rivera for common law retaliation, damages for constitutional violations, and Texas Whistleblower Act violations are dismissed with prejudice.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of July, 2013.

7