

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00026-CV

FAST INVESTMENTS, LLC                                          APPELLANT

V.

PROSPER BANK AND TETRA                                          APPELLEES
TECH-CMI, INC.

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The sole issue we address in this appeal is whether the trial court abused

its discretion by awarding $101.636.17 in attorneys' fees as sanctions against

Appellant Fast Investments, LLC and in favor of Appellee Tetra Tech-CMI, Inc.

---

[1]*See* Tex. R. App. P. 47.4.

Tetra Tech[2] later assigned the sanctions award to Appellee Prosper Bank.[3] The sanctions order states that the trial court "finds good cause to impose [sanctions] against [Fast Investments] under Texas Rules of Civil Procedure 13 and 215.2(b), as well as under its own inherent power, for the prosecution of meritless and/or groundless claims in bad faith and for the purpose of harassment against Tetra Tech." Thus, the sanctions were imposed for the filing of meritless and/or groundless claims in bad faith and for the purpose of harassment either under rule 13, rule 215.2(b), or under the trial court's inherent authority. *See* Tex. R. Civ. P. 13, 215.2(b). No evidentiary hearing was held on the motion for sanctions. The trial court's sanctions order assessed the $101,636.17 attorneys' fees sanction award against Fast Investments, not its counsel.[4]

Rule 13 authorizes the imposition of sanctions against an attorney, a represented party, or both, who file pleadings that are (1) groundless and brought in bad faith or (2) groundless and brought to harass. Tex. R. Civ. P. 13. This is a two-part test, requiring a party moving for rule 13 sanctions to demonstrate both

[2]Tetra Tech filed a letter with this court stating that due to the assignment of the sanctions award to Prosper Bank, Tetra Tech had no legal interest in the outcome of the appeal; therefore, Tetra Tech did not file a brief.

[3]Because we decide this appeal on procedural issues unrelated to the substantive underlying facts, we omit a discussion of those facts.

[4]At the sanctions hearing, the trial court stated, "I've seen nothing frivolous or unprofessional by this attorney [Fast Investments's attorney]. There will not be a sanction against this attorney in this case."

that the opposing party's filings are groundless and then to also show that the pleadings were filed either in bad faith or for the purposes of harassment. *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 707 (Tex. App.—Waco 2008, pet. denied). "Groundless" for purposes of rule 13 means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. Tex. R. Civ. P. 13. Bad faith is not simply bad judgment or negligence; rather, it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet). Improper motive is an essential element of bad faith. *Id.* Harassment means that the pleading was intended to annoy, alarm, and abuse another person. *Id.*

Courts must presume that pleadings and motions are filed in good faith, and sanctions should not be imposed "except for good cause, the particulars of which must be stated in the sanction order." Tex. R. Civ. P. 13. The party moving for sanctions bears the burden of overcoming the presumption that pleadings are filed in good faith. *Parker*, 233 S.W.3d at 540.

When determining whether rule 13 sanctions are proper, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Harrison v. Harrison*, 363 S.W.3d 859, 863–64 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The trial court must provide notice and hold an evidentiary hearing "to make the necessary factual determinations about the motives and credibility of the person signing the

3

groundless petition." *Parker*, 233 S.W.3d at 539–40 (quoting *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ)).  Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass.  *Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.).

Because it is within the discretion of the trial court to impose sanctions under rule 13, we will set aside its decision only on a showing of an abuse of discretion.  *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.).  The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action but whether the trial court acted without reference to any guiding rules and principles.  *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Here, even if we assume that Fast Investments's claims for fraud, negligent misrepresentation, and gross negligence were groundless,[5] the trial court was required to hold an evidentiary hearing before determining that the groundless claims were filed in bad faith or for the purposes of harassment.  The only testimony presented at the sanctions hearing was the testimony of Tetra

---

[5]Fast Investments asserted four claims, all based on the same facts: breach of contract, negligent misrepresentation, fraud, and gross negligence.  At the sanctions hearing, the trial court indicated that the breach of contract claim was not groundless but that the other claims were groundless.

4

Tech's attorney concerning the costs and attorneys' fees incurred by Tetra Tech in defending against Fast Investments's allegedly groundless causes of action. No evidence was presented on Fast Investments's motive or credibility in filing the groundless claims, nor was evidence presented of the facts that were available to Fast Investments and of the circumstances existing at the time Fast Investments filed its claims.[6] Moreover, no evidence was presented that Fast Investments, as opposed to its trial attorney who was not sanctioned, made the decision to pursue the groundless causes of action for fraud, negligent misrepresentation, and gross negligence. No evidentiary hearing was held as contemplated by rule 13. *See* Tex. R. Civ. P. 13.

Because the trial court failed to conduct an evidentiary hearing as contemplated by rule 13, we hold that the trial court abused its discretion by assessing sanctions against Fast Investments under rule 13.[7] *See In re Smith*,

---

[6]The trial court's good-cause findings in the sanctions order state that bad faith existed by Fast Investments because "discovery . . . put [Fast Investments] on notice that the facts alleged were incorrect" and that Fast Investments "maintained and refused to voluntarily dismiss these causes of action . . . in bad faith." In determining whether a pleading is groundless, the trial court is to look to the facts available to the litigant and the circumstances at the time the suit was filed, not later in the case after discovery. *See In re United Servs. Auto. Ass'n*, 76 S.W.3d 112, 116 (Tex. App.—San Antonio 2002, orig. proceeding). The trial court's good-cause findings in the sanctions order also indicate that Fast Investments made false allegations about the amount of economic damages. But rule 13 itself states that it is not applicable to damages allegations. Tex. R. Civ. P. 13.

[7]Prosper Bank argues that Fast Investments was required to object to the lack of an evidentiary hearing. Tetra Tech bore the burden of establishing its entitlement to sanctions under rule 13; that burden required Tetra Tech to come

5

No. 02-07-00327-CV, 2007 WL 3205185, at *5 (Tex. App.—Fort Worth Oct. 30, 2007, orig. proceeding) (mem. op.) (holding that trial court abused its discretion by awarding sanctions under rule 13 because trial court failed to hold an evidentiary hearing); *see also Alejandro*, 131 S.W.3d at 669 (holding that trial court abused its discretion by assessing rule 13 sanctions because appellees presented evidence only on the amount of costs and attorneys' fees at the sanctions hearing, and thus there was no evidence regarding the circumstances surrounding the filing of the lawsuit). As a result of the failure to hold an evidentiary hearing, the trial court had no evidence before it to find that Fast Investments had filed its claims in bad faith or to harass Tetra Tech. *See Karlock v. Schattman*, 894 S.W.2d 517, 524 (Tex. App.—Fort Worth 1995, orig. proceeding) (holding that trial court abused its discretion by finding that motion was filed in bad faith because trial court had no evidence before it to determine that attorney had filed the motion in bad faith); *see also Parker*, 233 S.W.3d at 541–42 (holding that trial court abused its discretion by imposing sanctions on appellant because appellee failed to overcome presumption that constructive trust claim was filed in good faith by not adducing any evidence at sanctions

forward with evidence rebutting the presumption that pleadings are filed in good faith. *See GTE Commc'ns. Sys. v. Tanner*, 856 S.W.2d 725, 731 (Tex.1993) ("Thus, the burden is on the party moving for sanctions to overcome this presumption"). Fast Investments had no obligation to object to Tetra Tech's failure to offer such evidence. Contrary to Prosper Bank's contention, our decision in *Smith v. Duncan Land & Exploration, Inc.*, No. 02-05-00334-CV, 2006 WL 2034031, at *5 (Tex. App.—Fort Worth July 20, 2006, no pet.) (mem. op.), does not hold otherwise.

hearing indicating constructive trust claim was filed in bad faith or to harass); *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668–69 (Tex. App.—Dallas 2003, no pet.) (holding that trial court abused its discretion by granting sanctions under rule 13 because there was no evidence of motive for filing allegedly groundless motion and because the filing of a motion, standing alone, is not evidence of bad faith or harassment); *Tex.-Ohio Gas, Inc.*, 28 S.W.3d at 139 (holding that trial court abused its discretion by dismissing claims under rule 13 because there was no evidentiary hearing, and thus trial court had no evidence to determine that petition was filed in bad faith or to harass). Because no evidence exists establishing that any groundless pleading filed by Fast Investments was also filed in bad faith or for the purposes of harassment, the trial court abused its discretion to the extent it awarded sanctions pursuant to rule 13.

Rule 215.2(b) authorizes a trial court to impose sanctions for discovery abuse. *See* Tex. R. Civ. P. 215.2(b). The law is well-settled that before imposing sanctions for discovery abuse under rule 215.2(b), the trial court must analyze the available sanctions, consider whether less stringent sanctions would promote compliance, and narrowly tailor the sanction imposed to remedy the offensive conduct. *Cire*, 134 S.W.3d at 842; *see also Low v. Henry*, 221 S.W.3d 609, 620 (Tex. 2007); *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). The sanctions order at issue here is not a discovery-abuse sanctions order; the sanctions order contains no language indicating that discovery abuse has occurred, that the trial court has considered less stringent

7

sanctions, or that the sanction imposed—requiring Fast Investments to pay Tetra Tech's attorneys' fees of $101,636.17—was directed toward remedying any discovery abuse. Thus, to the extent that the sanctions order is, or purports to be, based on discovery abuse (as argued in part by Prosper Bank on appeal), the trial court abused its discretion by assessing a sanction without considering less stringent sanctions and by not narrowly tailoring the sanctions to remedy any discovery abuse by Fast Investments. *See Vela v. Wagner & Brown, Ltd.*, 203 S.W.3d 37, 62 (Tex. App.—San Antonio 2006, no pet.) (citing *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex. 2003), and explaining that "[a] monetary sanction should be no more severe than necessary to satisfy its legitimate purposes, and the court must first consider whether less stringent sanctions would promote full compliance and deter future abuse").

Finally, the sanctions award assessed here is not sustainable based on the trial court's inherent power. A trial court has inherent power to sanction bad faith conduct during the course of litigation that interferes with the trial court's legitimate exercise of its core functions or to preserve the court's dignity and integrity. *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied), *cert. denied*, 516 U.S. 868 (1995). A court may exercise its inherent power to sanction conduct that may not be covered by any specific rule or statute. *Island Entm't Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Assessing sanctions under the trial

8

court's inherent power requires a two-step process. *Id.* First, the trial court must rely upon the rules and statutes expressly authorizing sanctions, and second, the trial court, applying its inherent power to impose sanctions, must make factual findings to determine whether there is some evidence that the conduct complained of significantly interfered with the court's legitimate exercise of its core functions. *See id.* No evidence exists in the record before us that Fast Investments's conduct interfered with the trial court's core functions or impugned the trial court's dignity or integrity; nor did the trial court make any such findings in the sanctions order. Numerous courts have held that a trial court abuses its discretion by exercising its inherent power to assess sanctions for the filing of groundless pleadings in the absence of evidence that the groundless pleading was filed in bad faith or for the purposes of harassment. *See, e.g.*, *Benavides v. Knapp Chevrolet*, No. 01-08-00212-CV, 2009 WL 349813, at *6 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (citing multiple cases that overturned sanctions awarded under trial court's inherent power because there was no evidence of bad faith conduct, including *Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Onwuteaka*, 908 S.W.2d at 280–81; *Island Entm't, Inc.*, 882 S.W.2d at 5). To the extent that the trial court awarded the sanctions at issue here based on its inherent power, it abused its discretion. *See Benavides*, 2009 WL 349813, at *6 (holding trial court abused its discretion by exercising its inherent power to impose sanctions for groundless pleading because no evidence existed that

9

appellant acted in bad faith or that appellant's pleading interfered with the trial court's exercise of its core functions).

Because the trial court's sanctions order cannot be upheld based on rule 13, rule 215.2(b), or the trial court's inherent power, we hold that the trial court abused its discretion. We sustain Fast Investments's first issue.[8] We reverse the trial court's order granting Tetra Tech's motion for sanctions and render judgment that Prosper Bank take nothing from Fast Investments based on Tetra Tech's assignment of the sanctions award.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DELIVERED: March 6, 2014

---

[8]Because we sustain Fast Investments's first issue, we need not address Fast Investments's second issue arguing that the trial court erred by allowing Tetra Tech to assign the sanction award to Prosper Bank after Fast Investments and Prosper Bank had entered into a valid and enforceable rule 11 settlement agreement. *See* Tex. R. App. P. 47.1 (stating that appellate court must dispose of every issue necessary for final disposition of appeal).