**Rodney R. ELKINS, Appellant,**

v.

**Gwendolyn Diane STOTTS–BROWN and Grady R. Thompson, Appellees.**

**No. 05–02–00499–CV.**

Court of Appeals of Texas, Dallas.

April 17, 2003.

Rodney R. Elkins, Law Office of Rodney R. Elkins, Dallas, for appellant.

Grady R. Thompson, McWilliams & Thompson, P.C., McKinney, for Appellees.

Before Justices O'NEILL, FARRIS,[1] and ROSENBERG.[2]

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

## OPINION

Opinion by Justice BARBARA ·ROSENBERG (Assigned).

In two issues, Rodney R. Elkins appeals the granting of Gwendolyn Diane Stotts–Brown and Grady R. Thompson's post-judgment motion for sanctions and the denial of Elkins's motion for sanctions. For the reasons below, we resolve Elkins's first issue in his favor and reverse the judgment granting sanctions in favor of Stotts–Brown and Thompson and render judgment that they take nothing. Further, we resolve Elkins's second issue against him and affirm the judgment that no sanctions be granted in Elkins's favor.

## FACTUAL AND PROCEDURAL BACKGROUND

Elkins represented Stotts–Brown's husband, Larry Brown, during the Browns' divorce suit. Elkins withdrew from the representation before the divorce was completed. After the divorce decree was signed, Elkins obtained a judgment against Brown for unpaid fees in the divorce and recorded an abstract of judgment. When Brown's and Stotts–Brown's homestead was sold, Elkins demanded payment of his judgment from the funds. Stotts–Brown objected. Stotts–Brown executed an escrow agreement permitting Dallas–Fidelity National Title Agency, Inc. to hold the proceeds of the sale. Stotts–Brown moved the court for a declaration that Elkins's judgment lien was invalid to the extent it affected Stotts–Brown's homestead interest and for an order allowing Stotts–Brown to recover her full share of the proceeds of the sale. Although the trial court ruled in Stotts–Brown's favor,

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

that decision was set aside on a writ of mandamus.

This case arose when Dallas–Fidelity filed a petition to interplead funds, contending that Brown, Stotts–Brown, and Elkins claimed proceeds from the sale of Brown's and Stotts–Brown's real property. Stotts–Brown answered and filed a cross-claim against Elkins, seeking a declaration that Elkins's judgment against Brown did not affect Stotts–Brown's homestead rights and did not affect the amount of the proceeds she was to receive from the sale of the homestead. She sought damages for the costs incurred as a result of Elkins's refusal to release his judgment, punitive damages, and attorney's fees.

Stotts–Brown moved for partial summary judgment on her claim for declaratory relief. Elkins moved for summary judgment, requesting a take nothing judgment on Stotts–Brown's claims. The trial court granted Stotts–Brown's motion, stating that Elkins's "abstract of judgment ... creates a cloud on the homestead title" of Stotts–Brown and that "said judgment should be partially released as it pertains to" Stotts–Brown. The trial court denied Elkins's motion. Subsequently, the issue of Stotts–Brown's damages was tried to the court. The trial court ruled in Elkins's favor on the damages issue. Thereafter, Elkins filed a motion for sanctions against Stotts–Brown and her attorney, Grady R. Thompson, reciting the standard for sanctions pursuant to chapter 10 of the civil practice and remedies code. Stotts–Brown and Thompson then filed a counter-motion for sanctions against Elkins for filing the motion for sanctions, seeking sanctions pursuant to either rule of civil procedure 13 or chapter 9 of the civil practice and remedies code.

At the hearing on the motions, Elkins asked the trial court to take judicial notice of the file of the case. *See Tex.-Ohio Gas,* *Inc. v. Mecom,* 28 S.W.3d 129, 139 (Tex. App.-Texarkana 2000, no pet.) (noting that, under some circumstances, trial court may be able to make determination regarding motives and credibility of person signing petition by taking judicial notice of items in case file). Elkins introduced into evidence correspondence between counsel and a partial transcript from an earlier hearing in the case. Both sides agreed that each side had sufficiently proved up damages and attorney's fees. Further, the parties argued their positions, including Thompson's statement that Elkins's motion for sanctions was "frivolous." The trial court granted Stotts–Brown and Thompson's motion and denied Elkins's motion, stating that Elkins's motion is "a frivolous pleading." Elkins appealed.

## STANDARD OF REVIEW AND APPLICABLE LAW

■ We review a trial court's sanctions award for abuse of discretion. *Finlay v. Olive,* 77 S.W.3d 520, 524 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Monroe v. Grider,* 884 S.W.2d 811, 816 (Tex.App.-Dallas 1994, writ denied). A trial court abuses its discretion in imposing sanctions only if it based its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Monroe,* 884 S.W.2d at 816.

## SANCTIONS AGAINST ELKINS

■ In his first issue, Elkins contends that the trial court erred in granting Stotts–Brown and Thompson's counter-motion for sanctions because there is no evidence to support a finding of either standard under rule 13 or chapter 9. Stotts–Brown and Thompson's counter-motion sought sanctions on grounds that Elkins's motion for sanctions contained "misstatements and untruths." The counter-motion identified several statements in

Elkins's motion as incorrect and either explained why the statements were wrong or pointed to documents in the record contradicting Elkins's statements.

First, we consider whether sanctions were proper pursuant to chapter 9 of the civil practice and remedies code. It provides that the signing of a pleading as required by the rules of civil procedure constitutes a certificate by the signatory that to his or her best knowledge, information, and belief, formed after reasonable inquiry, the pleading is not:

(1) groundless and brought in bad faith;

(2) groundless and brought for the purpose of harassment; or

(3) groundless and interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

TEX. CIV. PRAC. & REM.CODE ANN. § 9.011 (Vernon 2002). This chapter also provides that, if the court determines that a pleading has been signed in violation of any one of the standards prescribed by section 9.011, "the court shall, not earlier than 90 days after the date of the determination, at the trial or hearing or at a separate hearing following reasonable notice to the offending party, impose an appropriate sanction on the signatory, a represented party, or both." *Id.* § 9.012(c).

Here, the trial court determined that sanctions against Elkins were appropriate and, in the same order on the same day, imposed a sanction. Because this order violates section 9.012(c)'s requirement of a ninety-day interval between the date of determination of a violation and the imposition of a sanction, we conclude that chapter 9 does not support the trial court's order of sanctions. *See id.*

■ Next, we consider whether rule 13 supports sanctions against Elkins. It provides, in part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . .

'Groundless' for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

TEX.R. CIV. P. 13. When determining whether rule 13 sanctions are proper, the trial court must examine the circumstances existing when the litigant filed the pleading. *Monroe*, 884 S.W.2d at 817. Rule 13 requires the trial court to base sanctions on the acts or omissions of the represented party or counsel. *Id.* The trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was signed. *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.-Dallas 1993, no writ). A trial court may not base rule 13 sanctions on the legal merit of a pleading or motion. *Monroe*, 884 S.W.2d at 817. Filing a motion or pleading that the trial court denies does not entitle the opposing party to rule 13 sanctions. *Id.* Courts should presume parties and their counsel file all papers in good faith, and the party seeking sanctions must overcome that presumption. TEX.R. CIV. P. 13; *Monroe*, 884 S.W.2d at 817. The party seeking sanctions has the burden of showing his right to relief. *Id.*

■ Assuming without deciding that Elkins's motion is groundless, we consider whether the record contains any evidence of Elkins's bad faith or harassment. A party acts in bad faith when discovery puts him on notice that his understanding of the facts may be incorrect, and he does not

make reasonable inquiry into the facts before filing the pleading. *See Monroe*, 884 S.W.2d at 819. Improper motive is an essential element of bad faith. *Wallace v. Inv. Advisors, Inc.*, 960 S.W.2d 885, 889 (Tex.App.-Texarkana 1997, pet. denied). Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 71 (Tex. App.-El Paso 1994, writ denied). "Harass" is used in a variety of legal contexts to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person. BLACK'S LAW DICTIONARY 717 (6th ed.1990).

Thompson did not put on any evidence at the hearing. Thompson argues that the only ground on which sanctions against Elkins were sought was the filing of Elkins's motion for sanctions. Elkins's motion for sanctions, standing alone, is not evidence of bad faith or harassment. *See McCain*, 856 S.W.2d at 757 (holding that motions and arguments of counsel are not evidence). There is no evidence of Elkins's motive in filing the motion for sanctions. Therefore, we conclude the trial court abused its discretion in granting the counter-motion for sanctions under rule 13. Because our disposition of Elkins's no-evidence argument requires a reversal and rendition, we need not consider his arguments that the trial court erred by failing to state the particulars of good cause supporting sanctions. *See* TEX.R.APP. P. 47.1.

## ELKINS'S MOTION FOR SANCTIONS

█ In his second issue, Elkins contends that the trial court erred in denying his motion for sanctions pursuant to chapter 10. Elkins's motion for sanctions contended that Stotts–Brown's cross-claim was filed to coerce him, by seeking damages for emotional distress, into releasing his judgment lien. Elkins also contended that Stotts–Brown's legal claims were not warranted and that the pleading contained statements that had no evidentiary support.

Chapter 10 of the civil practice and remedies code, as it applies to this case, provides that the signing of a pleading required by the rules of civil procedure constitutes a certificate by the signatory that to his or her best knowledge, information, and belief, formed after reasonable inquiry:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery....

*Id.* § 10.001(1)-(3) (Vernon 2002).

█ Elkins argues that the trial court erred or abused its discretion when the motions for sanctions were heard by the presiding judge of the 380th Judicial District Court, not the judge assigned to try the case and who signed the final judgment. Elkins has not preserved error as to this argument because he did not request or move that the assigned judge hear the case, nor did he obtain any ruling denying his request. *See* TEX.R.APP. P. 33.1; *In re Hidalgo*, 938 S.W.2d 492, 499 (Tex.App.-Texarkana 1996, no writ) (noting that a party may, by a timely written

objection, prohibit an assigned judge from hearing a case, but in absence of such an objection, any complaint is waived).

Elkins also argues that the trial court's statement in the final judgment that Stotts–Brown's cross-claim failed on legal and factual bases shows that her legal contentions were not warranted. However, the partial summary judgment decided liability for the cloud on title cause of action against Elkins. The final judgment is consistent with the partial interlocutory summary judgment. Further, the trial court heard evidence on damages in the trial before the court, but did not hear evidence on the claim of cloud on the title. Although some of the statements in the judgment address the "factual and legal bases" of Stotts–Brown's cross-claim, these statements are "surplusage" as regards any liability issues. *See Luecke v. Wallace,* 951 S.W.2d 267, 275 (Tex.App.-Austin 1997, no writ). Elkins does not challenge the partial summary judgment made final and appealable by the final judgment. *See Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1972) (holding that an interlocutory judgment by a trial court is merged into the final judgment, and thus becomes final for purposes of appeal, whether or not the interlocutory judgment is specifically named within the final judgment). Thus, we conclude that Elkins's

argument that Stotts–Brown's legal contentions were not warranted lacks merit.

Finally, Elkins argues that Stotts–Brown's assertions of fact in her cross-claim had no factual support and her claims for mental anguish damages and for damages as a result of his "improper conduct" were made for an improper purpose, that is, to elicit a high jury award. No evidence at the hearing or in the record shows that Stotts–Brown made factual allegations regarding damages without any evidentiary support. Thus, we conclude that this argument lacks merit.

Having rejected Elkins's arguments that the trial court erred in not granting Elkins's motion for sanctions, we resolve his second issue against him.

### CONCLUSION

Because of our disposition of Elkins's issues, we reverse that part of the order granting sanctions against Elkins in favor of Stotts–Brown and Thompson and render judgment that they take nothing. We affirm that part of the order finding that Elkins takes nothing.