IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00239-CV

 

Yamaha Suzuki of Texas,
Inc. 

and W.L.E. Enterprises,
Inc.,

                                                                      Appellants

 v.

 

Troy Martinez,

                                                                      Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court # C-2001-00153

 



MEMORANDUM  Opinion



 








            We determine that a trial judge did
not abuse his discretion when he denied motions to impose sanctions against a
litigant and his attorneys.

          Troy Martinez filed a class action
petition against Yamaha Motor Corporation USA and Yamaha Suzuki of Texas (YST)
concerning allegedly defective personal watercraft (PWC) manufactured and sold
by them.  Martinez alleged that he
owned a 1997 Yamaha personal watercraft which had the alleged defect.  Martinez later added
W.L.E. Enterprises, Inc. (WLE) and Yamaha Motor Manufacturing Corporation of America as
defendants.  He also added an allegation
that he owned a 1996 Yamaha personal watercraft which had the same alleged
defect.  A year after the first petition
was filed, Martinez non-suited
defendants Yamaha Motor Corporation USA and Yamaha
Motor Manufacturing Corporation of America.  Two months later, Martinez non-suited YST
and WLE.  Prior to the two
requests for non-suit, YST and WLE filed several motions for sanctions against Martinez and his
attorneys.  These motions requested
sanctions under Rule 13 and Rule 215 of the Texas Rules of Civil Procedure and
Chapters 9 and 10 of the Texas Civil Practice and Remedies Code.  After an evidentiary hearing, the trial judge
denied all motions for sanctions.

          We agree with YST and WLE that the
standard by which we review a sanctions order is for abuse of discretion.  Chrysler
Corp. v. Blackmon, 841 S.W.2d 844, 852 (Tex. 1992).  A trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).  When reviewing matters committed to the trial
court's discretion, a court of appeals may not substitute its own judgment for
the trial court's judgment.  See Flores v. Fourth Court of Appeals, 777 S.W.2d 38,
41-42 (Tex. 1989).

          YST and WLE point to Rules of Civil
Procedure 13, 191.3, and 215 and to sections 9.011 through 9.014 and 10.001 through
10.006 of the Civil Practice and Remedies Code as the legal bases for
sanctions.  Tex. Civ. Prac. & Rem. Code Ann. §§ 9.011-.014, 10.001-.006
(Vernon 2002); Tex. R. Civ. P. 13,
191.3, 215.  They also point to seven
factual bases, which they contend required the trial court to impose sanctions:
(1) filing of the original class action petition, which contained material
allegations that were untrue; (2) filing a false affidavit; (3) filing an
amended class action petition, which added a groundless claim and a claim on
which limitations had expired; (4) filing false assertions in response to a
request for disclosure; (5) failing to produce documents at a deposition after
the court directed him to do so; (6) discovery requests made to YST and WLE
after Martinez and his attorneys knew their claims had no merit; and (7) false
corrections to a deposition concerning ownership of the personal watercraft.  Martinez points to: (1) publication of a
“Safety Study” by the National Safety Transportation Board (NTSB) concerning
the characteristics of personal watercraft based on their involvement in
boating accidents; the study resulted in nine conclusions and recommended that
PWC manufacturers evaluate the design of and make changes in personal
watercraft; (2) title documents related to two Yamaha PWCs, a 1996 and a 1997,
showing the details of transfers of title and registration of the two PWCs; (3)
evidence that Martinez’ attorneys had authority to investigate and did investigate
the ownership of the personal watercraft registered to Martinez and his wife;
(4) evidence that Martinez and his wife were married throughout the course of
the legal proceedings, Martinez’ wife did not own a personal watercraft as her
separate property, and Martinez’ wife transferred title to a personal
watercraft to her father without Martinez’ knowledge; (5) evidence that Martinez
did not understand, know of, or appreciate the risks and dangers alleged to be
inherent in the design and operation of personal watercraft; (6) evidence that Martinez
believed that the information about ownership contained in an affidavit was
true when he signed it; (7) evidence that  Martinez’ attorneys took reasonable steps to
have Martinez produce the documents the court ordered; and (8) evidence showing
that YST and WLE’s attorneys knew before Martinez and his attorneys that the
personal watercraft had been transferred by Martinez’ wife to her father.

          To apply an abuse-of-discretion
standard, we defer to the trial court's factual determinations but review
questions of law de novo.  Castellano v. Garza, 110 S.W.3d 70, 73 (Tex. App.—San
Antonio 2003, no pet.).  Our review of
the record convinces us that no abuse of discretion occurred in the denial of
the motions for sanctions.  Blackmon, 841 S.W.2d at 852; see also Elkins v. Stotts-Brown, 103
S.W.3d 664, 668-70 (Tex. App.—Dallas
2003, no pet.).  To hold otherwise would
be to substitute our view of disputed evidence for that of the trial
judge.  Flores, 777 S.W.2d at
41-42.

            The order denying sanctions is
affirmed.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna[1]

          (Chief Justice Gray dissenting)

Order affirmed

Opinion
delivered and filed July 14, 2004

 

[CV06]

 











[1]  This case was
submitted with former Chief Justice Davis on the panel, but he resigned
effective August 4, 2003.  Justice
Reyna, who took office on January 5, 2004, participated in the decision.