# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-06-00364-CV

### T. Christopher Robson, Appellant

### v.

### Garrett Gilbreath and David Gilbreath, Appellees

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
## NO. D-1-GN-04-002474, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Without conducting an evidentiary hearing, the trial court sanctioned plaintiffs' counsel T. Christopher Robson for failure to conduct a reasonable inquiry prior to filing suit. Because the trial court did not have evidence from which it could make required findings that Robson brought suit in bad faith or for the purpose of harassment, I would hold that there was no evidence from which the trial court could exercise its discretion and reverse the trial court's order.[1] Accordingly, I respectfully dissent.

---

[1] Because of the complete lack of evidence that Robson filed the negligent entrustment claim in bad faith or for the purpose of harassment that should have been fatal to the motion for sanctions, I have not addressed the circumstances of the automobile accident that was the basis for the plaintiffs' suit, the chronology of events in discovery between the parties, or evidence of a medical impairment that was disclosed during discovery.

Because the majority fails to adequately address the procedural and substantive requirements of Texas Rule of Civil Procedure 13, I begin with a review of the rule and its requirements. Rule 13 authorizes a court to sanction a party or his counsel if a party files a pleading that is either (1) groundless and brought in bad faith or (2) groundless and brought for the purpose of harassment. Tex. R. Civ. P. 13; *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.); *Monroe v. Grider*, 884 S.W.2d 811, 817 (Tex. App.—Dallas 1994, writ denied). "If a pleading, motion or other paper is filed in violation of [Rule 13], the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule [of Civil Procedure] 215, upon the person who signed it, a represented party, or both." Tex. R. Civ. P. 13. No sanctions may be imposed under Rule 13 "except for good cause, the particulars of which must be stated in the sanction order." *Id*.

Pursuant to Rule 13, pleadings are presumed filed in good faith, and the burden is on the moving party to show a pleading was groundless and brought in bad faith or for the purpose of harassment. Tex. R. Civ. P. 13; *Emmons v. Purser*, 973 S.W.2d 696, 700 (Tex. App.—Austin 1998, no pet.). To show bad faith, the moving party must present evidence of the "conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citation omitted). Bad faith is more than "bad judgment or negligence." *Id.* "Harass" is used "to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person." *Elkins*, 103 S.W.3d at 669 (citation omitted). Pleadings, standing alone, are not evidence of bad faith or harassment. *Id*.

2

Rule 13 requires the trial court "to base sanctions on the acts or omissions of the represented party or counsel" and, when determining whether sanctions are proper, the trial court must examine the facts that were available and the circumstances existing at the time the party filed the pleading. *Id.* at 668; *Monroe*, 884 S.W.2d at 817. Thus, the trial court under these circumstances must convene and conduct an evidentiary hearing. *See Alejandro v. Robstown Indep. Sch. Dist.*, 131 S.W.3d 663, 669-70 (Tex. App.—Corpus Christi 2004, no pet.) ("Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person filing the groundless pleading. . . . Without such a hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass.") (internal citations omitted); *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 277 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("Because appellees had the burden to establish that sanctions were justified, it was 'imperative for the trial court to convene and conduct an evidentiary hearing.'") (citation omitted); *Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied) (If the "rule of law requires the court to conduct a hearing and receive evidence before it can make a decision and the court does neither, then the court fails to do the things necessary to enable it to soundly exercise its discretion. The result is an abuse of discretion."); *Karlock v. Schattman*, 894 S.W.2d 517, 523 (Tex. App.—Fort Worth 1995, orig. proceeding) ("Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass."); *Cantu-McGarrahan v. Foote*, No. 03-01-00506-CV, 2002 Tex. App. LEXIS 5404, at *10 (Tex. App.—Austin 2002, no pet.) (mem. op.) ("[R]ule 13

3

requires that a court hold an evidentiary hearing in order to make the necessary factual determinations about the motives and credibility of the persons signing the pleading in issue.").[2] In the context of Rule 13's procedural and substantive requirements, I turn to the trial court's sanctions against Robson.

In its order, the trial court states it was sanctioning Robson "because of the failure of Plaintiffs' counsel to conduct a reasonable inquiry prior to filing suit."[3] Robson filed suit on behalf of Michael Woodworth, individually and as representative of the estate of Elizabeth Daley, in August 2004, against Garrett Gilbreath,[4] the driver of an automobile involved in an accident that resulted in Daley's death, alleging negligence, and against Garrett's father, David Gilbreath, alleging negligent entrustment.[5] Robson filed an amended petition in November 2004, retaining the negligent entrustment claim and adding additional plaintiffs. Mr. David Gilbreath, thereafter in August 2005,

---

[2] Although there are circumstances when a trial court may sanction by taking judicial notice of items in the trial court's file at the hearing, *see Gibson v. Ellis*, 126 S.W.3d 324, 336 (Tex. App.—Dallas 2004, no pet.) (at trial on counterclaim for sanctions, trial court took judicial notice of evidence presented at jury trial; sanctions award affirmed); *Texas-Ohio Gas Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.) (trial court had no evidence to determine bad faith or to harass when there was no evidentiary hearing and the trial court did not take judicial notice of any items in the file), a trial court's power to sanction is limited by the due process concerns of notice and hearing. *See Greene v. Young*, 174 S.W.3d 291, 298 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (traditional due process protections of notice and hearing required before a trial court can impose sanctions). Here, the trial court did not take judicial notice and there was no request to do so.

[3] At the conclusion of counsel's arguments at the hearing, the trial court stated its reason for sanctioning Robson: "The reason for it, Counsel, is, again, the discovery and the investigation before you file your lawsuit, not fishing while you're in it to find a cause of action. That's the reason."

[4] At the time of the accident, Garrett Gilbreath was 16 years old.

[5] The record reflects that Garrett Gilbreath settled the claims against him for approximately $125,000.

sought sanctions in a motion for partial summary judgment and motion for sanctions, asserting that the plaintiffs' negligent entrustment claim was groundless. Mr. Gilbreath sought sanctions against plaintiffs' counsel for "filing a groundless claim and/or for failing to nonsuit a groundless claim" against him. Mr. Gilbreath did not address the amount of sanctions that he was seeking or cite any authority for sanctions in his motion.[6] At the sanctions hearing, neither party offered evidence[7] but, at the end of the hearing, the trial court sanctioned Robson in the amount of $10,000 payable to Mr. Gilbreath.

Robson contends on appeal that even if this Court determines that the negligent entrustment claim was groundless and that his inquiry was not reasonable under the circumstances, Mr. Gilbreath offered no evidence that Robson filed the petitions in bad faith or for the purpose of harassment. Assuming without deciding that the plaintiffs' petitions alleging negligent entrustment were groundless, because Robson did not timely object to the form of the order or request more particularity in the order, the issue for this Court is whether there is evidence to support an implied finding that Robson filed the petitions in bad faith or for the purpose of harassment. *See Texas-Ohio*

---

[6] Prior to the scheduled May 2, 2006, hearing on Mr. Gilbreath's motion for partial summary judgment and motion for sanctions, the parties entered into a rule 11 agreement, dated April 18, 2006, in which Mr. Gilbreath agreed to cancel the summary judgment hearing that was set for May 2, and the plaintiffs agreed to non-suit Mr. Gilbreath with prejudice. On May 2, plaintiffs non-suited Mr. Gilbreath with prejudice, but the trial court proceeded with the sanctions hearing. The parties dispute the terms of the rule 11 agreement. Robson contends that the parties agreed to cancel the hearing in its entirety, including the hearing on Mr. Gilbreath's motion for sanctions. Robson was not present at the hearing; another attorney from his firm was present.

[7] In its order, the trial court states that it considered the "Motion, the response, the pleadings on file, the evidence, and arguments of counsel." Although Mr. Gilbreath attached two letters sent by Mr. Gilbreath's counsel to Robson after suit was filed to his motion for partial summary judgment and sanctions, the record reflects that neither party offered evidence at the hearing and that the trial court did not admit any evidence.

*Gas Inc. v. Mecom*, 28 S.W.3d 129, 136, 139 (Tex. App.—Texarkana 2000, no pet.); *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ).

Without addressing (i) Rule 13's presumption that pleadings are filed in good faith, (ii) Mr. Gilbreath's burden, as the movant, to offer evidence that plaintiffs' petitions were filed in bad faith or for the purpose of harassment, or (iii) the distinction between argument and evidence, the majority concludes that the trial court did not abuse its discretion in finding bad faith.[8] Because no evidence was offered at the hearing, however, there was no evidence from which the trial court could determine Robson's motives. *See McCain*, 856 S.W.2d at 757 ("Motions and arguments of counsel are not evidence."); *see also Alejandro v. Bell*, 84 S.W.3d 383, 393 (Tex. App.—Corpus Christi 2002, no pet.) ("In order for the trial court to consider documents as evidence in a Rule 13 context, they must be admitted in compliance with the rules of evidence at the evidentiary hearing. . . . The letter was neither offered nor admitted into evidence.").[9]

---

[8] The majority equates its conclusion that Robson failed to make a reasonable inquiry prior to filing the negligent entrustment claim with an implied finding of bad faith, citing to *Monroe v. Grider*, 884 S.W.2d 811, 819 (Tex. App.—Dallas 1994, writ denied). In *Monroe*, the trial court held that depositions should have put a party and her counsel on notice that their understanding of the facts was incorrect, showing bad faith in signing and filing an amended petition after the depositions took place. *Id*. In contrast, the relevant time period for determining whether to sanction Robson was before the depositions of Mr. Gilbreath and his son were taken—when Robson filed the original and first amended petitions. Shortly after the depositions were taken, Robson, on behalf of his clients, dismissed the negligent entrustment claim against Mr. Gilbreath.

[9] Even if counsels' argument and the letters attached to Mr. Gilbreath's motion for partial summary judgment and for sanctions are considered as evidence in determining sanctions, Mr. Gilbreath failed to offer evidence of bad faith or harassment at the time Robson filed the original petition and the first amended petition alleging negligent entrustment. Counsel did not address Robson's motives when Robson filed these petitions against Mr. Gilbreath. Nor did the summary judgment evidence address these issues. The two letters—a December 2004 letter briefing the elements of a negligent entrustment claim and demanding that plaintiffs immediately non-suit Mr. Gilbreath, and a January 2005 letter with an affidavit from Mr. Gilbreath concerning his son's

Without receiving evidence at the hearing of Robson's motives at the time he filed the plaintiffs' petitions, the trial court had no evidence to determine that Robson filed the petitions in bad faith or for the purpose of harassment.[10] *See GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (trial court abused discretion in awarding Rule 13 sanctions when no proof that party before filing pleading was aware of evidence discrediting pleading); *Elkins*, 103 S.W.3d at 669 (trial court abused discretion in granting Rule 13 sanctions when no evidence of motive in filing pleading; movant did not "put on any evidence at the hearing"); *Alejandro*, 84 S.W.3d at 393 ("Because appellee presented no evidence at the sanctions hearing from which the trial court could

driving record and a copy of his son's driver's license—were sent after the petitions were already filed. Letters sent after the petitions were already filed are not evidence of Robson's motives at the time the petitions were filed. *See Karagounis v. Property Co. of Am.*, 970 S.W.2d 761, 765 (Tex. App.—Amarillo 1998, pet. denied) (trial court abused discretion in assessing Rule 13 sanctions against party for "*continuing* his suit once [the opposing party] provided him with evidence which allegedly rebutted his contentions. Yet, Rule 13, by its very words, only encompasses the *initiation* of a frivolous action for improper motive, not the continuation of a suit after it is shown to be baseless."). Although Robson filed a petition in intervention on behalf of the dependent administrator of the estate of Elizabeth Daley in February 2006, which date was after he received the referenced letters from counsel, Mr. Gilbreath did not address or complain of the petition in intervention in his motion for sanctions; his motion for partial summary judgment and sanctions was filed in August 2005. In any event, the petition in intervention was filed prior to the depositions of Mr. Gilbreath and his son. *See Emmons v. Purser*, 973 S.W.2d 696, 701 (Tex. App.—Austin 1998, no pet.) ("without sworn testimony absolving [the defendant]," refusing to adhere to numerous requests by opposing counsel to dismiss claims did not demonstrate bad faith or harassment). Mr. Gilbreath's counsel demanded dismissal but, at the same time, he refused to allow the defendants' depositions to proceed. The majority's holding places counsel in an untenable position. Refusing to dismiss a claim may subject counsel to sanctions and, on the other hand, choosing to dismiss a claim without sworn testimony absolving the opposing party subjects counsel potentially to legal malpractice if it is later determined that the claim was viable.

[10] In the briefing to this Court, Mr. Gilbreath cites evidence that Robson filed with the trial court in a motion for reconsideration and rehearing from the sanction award. This evidence was not before the trial court when it made its ruling and does not provide the missing evidence to support Rule 13 sanctions. *See Mecom*, 28 S.W.3d at 139-40 (admissions and letter were not in the record at the time the trial court entered order so not properly considered to show bad faith and to support sanctions).

7

determine that appellant had filed his lawsuit in bad faith, we hold the trial court abused its discretion in assessing Rule 13 sanctions against appellant and his attorney."). Because Mr. Gilbreath, as the movant, did not present evidence at the hearing that Robson filed the petitions in bad faith or for the purpose of harassment, there was no evidence from which the trial court could determine Robson violated Rule 13.[11] *See Alejandro*, 84 S.W.3d at 393.

Because Mr. Gilbreath failed to offer evidence to overcome the presumption that Robson filed the petitions in good faith, I would conclude that there was no evidence from which the trial court could exercise its discretion to sanction Robson pursuant to Rule 13, and I would reverse the trial court's order.[12]

---

[11]    The majority's opinion is simply incorrect that "Robson did not raise the lack of an evidentiary hearing as a point of error on appeal." Robson's third issue on appeal directly raises the lack of evidence to support sanctions: "The trial court erred in granting Appellee's Motion for Sanctions on the ground that Appellee offered no evidence of bad faith or that the claim complained of was brought for the purpose of harassment, as required under Texas Rule of Civil Procedure 13." The majority's opinion fails to recognize the significance and relevance of an evidentiary hearing on a motion for sanctions in light of the presumption that pleadings are filed in good faith. The lack of an evidentiary hearing is relevant and significant in this case because, without the movant presenting evidence to overcome the presumption of good faith, the trial court abused its discretion in awarding sanctions. *See Alejandro v. Bell*, 84 S.W.3d 383, 392-93 (Tex. App.—Corpus Christi 2002, no pet.). It was Mr. Gilbreath's burden as the movant, not Robson's, to present evidence at the sanctions hearing to overcome the presumption of good faith. *See id.* I would conclude that Robson properly preserved and presented the lack of evidence to support sanctions for this Court's review. *See also* Tex. R. App. P. 33.1(d); *McCain v. NME Hospitals, Inc.*, 856 S.W.2d 751, 756 (Tex. App.—Dallas 1993, no writ) (appellant may raise a no-evidence point for the first time on appeal in non-jury case).

[12]    Robson also contends that the sanction that was awarded against him should be reversed because Mr. Gilbreath did not offer evidence from which the trial court could assess $10,000 in attorney's fees: "Appellees offered no evidence whatsoever in support of any attorney's fees." *See* Tex. R. Civ. P. 13 (trial court directed to impose an "appropriate sanction available under Rule 215"). Because the lack of evidence to overcome the presumption of good faith is dispositive, I do not address this additional ground for reversal. *See* Tex. R. App. P. 47.1.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   August 1, 2008