Opinion issued August 11, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00586-CV

———————————

Modesto Maldonado, Appellant

V.

Mona
Maldonado,
Appellee



 



 

On Appeal from the 309th District Court 

Harris County, Texas



Trial Court Case No. 2009-58184

 



 

MEMORANDUM OPINION

          Appellant,
Modesto Maldonado, challenges the trial court’s order denying his motion to
sanction appellee, Mona Maldonado, for her filing of a “frivolous” motion to
enforce the trial court’s previously entered child-support order.  In three issues, Modesto contends that the
trial court erred in denying his motion for sanctions and not awarding him
attorney’s fees and court costs on the ground that opposing counsel committed
an abuse of process and the filing of the motions to enforce were
“unconstitutional and therefore illegal.” 


          We
affirm.

Background

On January 20, 2010, an associate
judge, after a hearing on Mona’s motion for temporary orders in the parties’
underlying divorce proceeding, signed an “associate judge’s report,” ordering Modesto
to pay, beginning on February 1, 2010, child support to Mona in the amount of
$1,000 per month and spousal maintenance in the amount of $310 per month.  The associate judge further ordered Modesto
to maintain health insurance for their children. 

On February 3, 2010, Antonio
Benavides, Mona’s trial counsel, filed a “Motion for Enforcement of Child
Support Order and Spousal Support Order,” alleging that Modesto had violated
the order that he pay child support and spousal maintenance, such payments
being due and payable on the first day of each month.  Mona further alleged that Modesto was “in
contempt of court for failing to pay” the full amount due and “for stating to
[Mona] that he will not pay said child support and spousal support.”  She claimed an amount of $1,300 due on
February 1, 2010.  

          The
trial court, on February 5, 2010, signed “Temporary Orders,” and Benavides, on
February 8, 2010, filed an Amended Motion for Enforcement of Temporary Orders,
alleging that the child support and spousal maintenance payments remained
unpaid and Modesto was in contempt of court for not paying her and maintaining
health insurance for the children.  

Modesto, on February 24, 2010,
responded, generally denying the allegations and asserting that he had always
maintained health insurance on their children and had made two payments of
$604.62, one on February 5, 2010, and the other on February 18, 2010.  Modesto further asserted that he was “in full
compliance with [the] Temporary Orders, dated February 5, 2010,” and “cannot be
held in contempt for being in full compliance with the Temporary Orders.”  Modesto requested attorney’s fees and
sanctions, alleging that Mona had filed the motion to enforce “solely for the
purposes of harassment,” did so in “bad faith or [with] callous disregard,” and
with “malicious intent, evil-mindedness, knowledge, and recklessness.”  

          On March
18, 2010, an associate judge, after a hearing on Mona’s motion to enforce and
Modesto’s motion for sanctions, concluded that the evidence presented did not
support a finding that Modesto had “willfully disregarded a court order” and
did not hold Modesto in contempt.  The
associate judge denied both the motion to enforce and the motion for sanctions,
ordering each party to pay their attorney’s fees and clarifying its temporary
orders.  

          The
trial court, on April 14, 2010, held a “trial de novo” on the denial of
Modesto’s request for sanctions and attorney’s fees and, on June 3, 2010,
issued a “Judge’s Report” in which it stated:

The Court understands the
frustration expressed by Respondent Modesto Maldonado and his attorney,
Theodore Haynes, Jr.  Nevertheless, the
Court affirms the finding of the Associate Judge and declines to sanction Mona
Maldonado and/or her attorney, Antonio Benavides.  

 

Standard of Review

We review a trial
court’s decision to impose sanctions under an abuse of discretion
standard.  Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007).  A trial court abuses its discretion “when it
acts in an arbitrary or unreasonable manner without reference to guiding rules
and principles.”  Garcia v. Martinez, 988
S.W.2d 219, 222 (Tex. 1999).  When reviewing matters
committed to the trial court’s discretion, we may not substitute our own
judgment for that of the trial court.  Bowie Mem’l Hosp. v.
Wright, 79 S.W.3d 48, 52 (Tex. 2002). 
A trial court does not abuse its discretion merely because it decides a
discretionary matter differently than an appellate court would in a similar
circumstance.  Gray v. CHCA
Bayshore L.P., 189 S.W.3d 855, 858 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).

 

Sanctions

          In
his three issues, Modesto argues that the trial court erred in not awarding him
sanctions because its ruling was “arbitrary, unreasonable, and without
reference to any guiding rules and principles”; the “facts clearly indicate”
that Mona’s trial counsel “committed an abuse of process by filing the motions
for enforcement” with “an ulterior motive or purpose in exercising such,
illegal, perverted and improper use of the process”; and the filing of the
motions for enforcement before the Temporary Orders were signed was
“unconstitutional and therefore illegal.” 


A trial court may impose sanctions
if a pleading is groundless and brought in bad faith or for the purpose of
harassment.  Tex. R. Civ. P. 13.  A pleading
is groundless if it has “no basis in law or fact” and is “not warranted by good
faith argument for the extension, modification, or reversal of existing
law.”  Id.  Courts must presume that a lawsuit has
been filed in good faith, and a party moving for sanctions must overcome this
presumption.  Daves v. Daniels, 319 S.W.3d 938, 941 (Tex. App.—Austin 2010, pet.
denied); Appleton v. Appleton,
76 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.]
2002, no pet.).  In determining whether to award sanctions, a
trial court must examine the facts and circumstances in existence at the time a
pleading was filed to determine whether sanctions are proper.  Appleton, 76 S.W.3d at 86.  Bad faith does not exist when a party merely
exercises bad judgment or is negligent; rather bad faith is the conscious doing
of a wrong for dishonest, discriminatory, or malicious purposes.  Elkins v.
Stotts-Brown, 103 S.W.3d 664, 669 (Tex.
App.—Dallas 2003, no pet.).  To “harass” means to annoy,
alarm, and verbally abuse another person.  Id.

Modesto argues that he “was, at all times, in full
compliance” with the Temporary Orders because he made a payment after he
received “his first paycheck [following] the temporary orders hearing.”  In support of his argument, Modesto points to
Mona’s testimony that she in fact had received Modesto’s first payment and
notified her attorney that she had received the payment before the filing of
the first amended motion to enforce.  Modesto
notes that on or about February 5, 2010, the trial court signed the temporary
orders and an order granting assignment of his wages.  Although Modesto asserts that it is customary
in Harris County “for a judge to dismiss an action for enforcement of child
support when the obligor is not at least thirty days delinquent on their child
support obligation,” he cites no authority to support this assertion.  

Here, the record reflects that Mona’s trial counsel filed the
motion to enforce on February 3, 2010, and at that time, Modesto had not made a
payment.  After the hearing on the
temporary orders, the associate judge ordered Modesto to pay $1,310 on the
first of each month, beginning February 1, 2010.  We recognize that the trial court did not
sign the “Temporary Orders” until February 5, 2010; however, the associate
judge, in her report, ordered that Modesto make to Mona a payment in the amount
of $1,310, which was due on February 1, 2010. 
Furthermore, the trial court, in its subsequent “Temporary Orders,” ordered
an initial due date of February 1, 2010 for the child support and spousal maintenance
payments, and it required Modesto to pay 100% of any “out-of-pocket” medical
expenses.  On February 8, 2010, Mona
filed the first amended motion to enforce, alleging that Modesto had failed to
timely make his support payments and pay for medical insurance and bills, as
required by the Temporary Orders.  The
evidence at the hearing reflects that as of February 8, 2010, Modesto had made only
one payment in the amount of $604.62.  It
is true that at the time that Mona’s trial counsel filed the amended motion to
enforce, Modesto had submitted a payment; however, Modesto was not in
compliance with the orders requiring him to submit payment in full on the first
of each month.  Also, Mona testified that
she told her attorney that Modesto had not paid a medical bill, resulting in
the denial of medical services to one of their children,[1]
and, at the time of the March 18, 2010 hearing, Modesto was behind in his
payments for the month of March.  Moreover,
Mona’s trial counsel testified that he filed the amended motion to enforce based
on the fact that as of February 1, 2010, Modesto had not made a payment as
required by the orders.  Although Modesto
subsequently submitted one payment, he remained behind in his payments; and,
according to Mona, Modesto had told her, “That’s all you’re getting” when he
made the first payment.  

After reviewing the record, we conclude that Modesto did not
conclusively establish that Mona filed her motions to enforce in bad faith or
for the purpose of harassment.  Although
the trial court did not find Modesto to be in contempt, it does not necessarily
follow that the motions to enforce were filed in violation of rule 13.  Even if the trial court could have inferred
bad faith or an intent to harass from the lack of a legal basis for the motions,
it was not required to do so.  See In
re K.N.R., No. 05-03-00214-CV,
2004 WL 878273, at *2 (Tex. App.—Dallas April 26, 2004, no pet.) (mem. op.) (citing
c.f. Drew v. Harrison
County Hosp. Ass’n, 20 S.W.3d 244, 249 (Tex. App.—Texarkana 2000, no pet.)) (intent not ordinarily subject to absolute
verification).  It was within the trial
court’s discretion to conclude that the motions to enforce were not groundless
and were not brought in bad faith or for the purpose of harassment.  

We note that Modesto correctly
asserts that an individual cannot be held in constructive contempt of court for
a violation of an oral order to pay child support.  See Ex
parte Grothe, 570 S.W.2d 183, 184 (Tex. Civ. App.—Austin 1978, no writ)
(orig. proceeding).  Here, however,
Modesto failed to present any evidence that Mona or her trial counsel filed the
motions to enforce in bad faith or for the purpose of harassment.  Modesto, as the party seeking sanctions, bore
the burden of overcoming the presumption that the motions were filed in good
faith.  Daniels, 319 S.W.3d at 941.  

Accordingly, we hold that the trial court did not err in
denying Modesto’s motion for sanctions.  

We overrule Modesto’s three issues.  

Conclusion

          We
affirm the order of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

 

 











[1]           Mona
explained that the Temporary Orders included a specific reference to her son
Stefan, who was over eighteen years old at the time the orders were entered,
but it was her understanding that the orders were to cover support and medical
support for Stefan.  The trial court, in
denying the motion to enforce, clarified the order, noting that it does not
include Stefan.