Opinion issued March 17, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00595-CV**

————————————

**CHARLES THIELEMANN, Appellant**

**V.**

**BLINN BOARD OF TRUSTEES, Appellee**

---

**On Appeal from the 335th District Court**
**Washington County, Texas**
**Trial Court Case No. 35485**

---

## MEMORANDUM OPINION

Charles Thielemann appeals the trial court's order sanctioning him for filing a frivolous suit against the Blinn Board of Trustees pursuant to section 11.161 of the Texas Education Code. In his sole issue, Thielemann argues that the trial court abused its discretion when it imposed sanctions against him. We reverse the trial

court's award of sanctions against Thielemann and render judgment that the Blinn Board of Trustees take nothing.

## Background

Charles Thielemann filed suit, pro se, against the Blinn Board of Trustees ("the Board") alleging that the Board, acting in its official capacity as the governing board of Blinn College, violated Education Code section 130.0032(d)(2) when it set out-of-district tuition rates for students because the rates caused Thielemann and the other taxpayers of Washington County to shoulder a disproportionate amount of the cost.[1] Thielemann argued that, in addition to violating section 130.0032, the Board's refusal to comply with this mandatory provision of the Education Code also amounted to an abuse of official capacity in violation of Texas Penal Code section 39.02. *See* TEX. PENAL CODE § 39.02 (West 2011). Thielemann argued that the Board did not believe that it was required to comply with section 130.0032(d) and he asked the court to interpret this section using the general rules of statutory construction and order the Board to refund approximately $870,000 in "illegal taxes" to the taxpayers of Washington County for past violations of section 130.0032(d), and order the Board to comply with

---

[1] Section 130.0032(d) provides that "[t]he governing board of a junior college district shall establish the rate of tuition and fees charged to a student who resides outside the district by considering factors such as . . . the extent to which the rate will ensure that the cost to the district of providing educational services to a student who resides outside the district is not financed disproportionately by the taxpayers residing within the district." TEX. EDUC. CODE ANN. § 130.0032(d)(2) (West Supp. 2014).

2

section 130.0032(d) when setting tuition rates in the future. Thielemann acknowledged that the Board claimed that his suit was barred by the doctrine of governmental immunity and argued that "there is no Government Immunity when Public Servants violate a law."

The Board filed a motion to dismiss for lack of jurisdiction on the basis that no private civil cause of action existed under the Education Code or Penal Code and that Thielemann had failed to affirmatively demonstrate sufficient facts to waive the Board's governmental immunity. After the court granted the Board's motion to dismiss, the Board filed a motion for sanctions pursuant to Education Code section 11.161 seeking reimbursement of its attorney's fees and costs. After conducting a non-evidentiary hearing on the sanctions motion, the trial court granted the Board's motion and awarded the Board $9,055.50 in attorney's fees and costs. This appeal followed.

**Sanctions**

In his sole issue, Thielemann argues that the trial court abused its discretion by granting the Board's motion for sanctions filed pursuant to section 11.161 of the Texas Education Code.

We review the trial court's award of sanctions pursuant to section 11.161 for an abuse of discretion. *Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 793 (Tex. App.—Dallas 2012, pet. denied) (reviewing award of attorney's fees under section

11.161 of Education Code for abuse of discretion); *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (same). "The test for an abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.'" *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The trial court's ruling should be reversed only if it was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242.

Sanctions are reserved for "those egregious situations where the worst of the bar uses our honored system for ill motive without regard to reason and the guiding principles of the law." *Thielemann v. Kethan*, 371 S.W.3d 286, 295 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 951 (Tex. App.—Houston [1st Dist.] 1993, no writ)). A trial court may not base sanctions solely on the legal merit of a pleading or motion. *Thielemann*, 371 S.W.3d at 294 (citing *Elkins v. Stotts–Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.)). Instead, the trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading was filed. *Id.*

4

Section 11.161 of the Education Code allows school districts to recover reasonable attorney's fees and costs if "(1) the court finds that the suit is frivolous, unreasonable, and without foundation; and (2) the suit is dismissed or judgment is for the defendant." TEX. EDUC. CODE ANN. § 11.161 (West 2012). A "frivolous" suit is generally understood to mean one that does not have a reasonable basis in law or fact. *See Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam) (stating suit is not frivolous so long as it has "reasonable basis in law and constituted an informed, good-faith challenge"); *see generally* TEX. R. CIV. P. 13 (authorizing sanctions against party or party's attorney for filing "groundless" pleading; defining "groundless" pleading as one that has "no basis in law or fact and [is] not warranted by good faith argument for the extension, modification, or reversal of existing law.").

Under Texas law, a public community college, such as Blinn College, is a political subdivision of the state and, thus, protected by governmental immunity. *See Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex. (IRCOT)*, 418 S.W.3d 263, 267 n.7 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Wood v. Coastal Bend Coll.*, 13-09-00253-CV, 2010 WL 2136621, at *2 (Tex. App.— Corpus Christi May 27, 2010, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(A) & (B) (West Supp. 2014). Additionally, an individual, such as a trustee, sued in his official capacity enjoys the protections of governmental

immunity to the same extent as those available to his employer. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009). Therefore, if the governmental unit would be immune due to governmental immunity, so is the governmental official sued in his official capacity. *See id.*

Governmental immunity, however, does not bar suits seeking to require state officials to comply with statutory or constitutional provisions. *See id.* at 372; *see also Bell v. City of Grande Prairie*, 221 S.W.3d 317, 325 (Tex. App.—Dallas 2007, no pet.) (stating that request for injunction requiring "City's officers to follow the law in the future . . . is not barred by the City's immunity to suit"). To properly plead under this "ultra vires" exception to governmental immunity, Thielemann was required to allege that a state official acted without legal authority or failed to perform a purely ministerial act. *See Heinrich*, 284 S.W.3d at 372. A successful claimant in an ultra vires suit against a government official may obtain prospective declaratory or injunctive relief, but it may not recover retrospective relief, such as monetary damages. *See id.* at 373–76.

Liberally construing Thielemann's pleading, it is apparent that Thielemann is asking for retrospective monetary damages based on the Board's failure to comply with Education Code section 130.0032(d) in the past, as well as prospective injunctive relief (i.e., a court order requiring the Board to comply with

6

Education Code section 130.0032(d) in the future).[2] *See Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) (stating that courts liberally construe pro se pleadings and briefs). As the Board acknowledged in its motion to dismiss, Thielemann's pleading "does, in essence, seek declaratory relief" from the trial court. Although Thielemann's request for retrospective monetary damages is barred by governmental immunity, his request for prospective injunctive relief is not barred if Thielemann is able to satisfy the ultra vires exception. *See Heinrich*, 284 S.W.3d at 373–76.

Here, Thielemann alleged that the Board, acting in its official capacity, set out-of-district tuition rates and fees without considering the disproportionate impact the rates were having on district taxpayers, as set forth in section 130.0032(d)(2), and he asked the trial court to order the Board to comply with section 130.0032(d)(2) in the future. *See id.* at 372–73 (holding ultra vires exception applies only to state officials sued in their official capacities, not to governmental entities). Section 130.0032(d) provides:

> The governing board of a junior college district *shall* establish the rate of tuition and fees charged to a student who resides outside the district *by considering factors such as* . . . the extent to which the rate will ensure that the cost to the district of providing educational services to

---

[2] Because Thielemann is not challenging the dismissal of his suit for lack of jurisdiction on appeal, we are considering Thielemann's pleading for the limited purpose of evaluating the trial court's finding that Thielemann's suit was "frivolous, unreasonable, and without foundation."

> a student who resides outside the district is not financed disproportionately by the taxpayers residing within the district.

TEX. EDUC. CODE ANN. § 130.0032(d)(2) (West Supp. 2014) (emphasis added). Thielemann alleged that although the Board was required to consider this factor when it set tuition rates and fees, it failed to do so. Such allegations are arguably sufficient to plead an ultra vires exception to governmental immunity. *See Heinrich*, 284 S.W.3d at 372. Therefore, we cannot say that Thielemann's suit lacked a reasonable basis in law. *See Gen. Elec. Credit Corp.*, 826 S.W.2d at 125 (stating suit is not frivolous so long as it has "reasonable basis in law and constituted an informed, good-faith challenge"); *Dyson Descendant Corp*, 861 S.W.2d at 951 (stating sanctions should only be assessed "in those egregious situations where the worst of the bar uses our honored system for ill motive without regard to reason and the guiding principles of the law"). Although the Board argued in its motion for sanctions that Thielemann's declaratory judgment action was barred by governmental immunity because the acts that he was complaining about were, in the Board's opinion, "clearly discretionary," there is no case law expressly addressing the question of whether the duties imposed by section 130.0032(d) are discretionary in nature and the statute's use of the term "shall" arguably lends some support to Thielemann's alternate interpretation.[3]

---

[3] The Board also argued that Thielemann's declaratory judgment action was barred because he was seeking retrospective damages, not prospective injunctive relief.

The Board argues that this case is similar to *Davison v. Plano Independent School District*, a case in which the Dallas Court of Appeals upheld the award of sanctions pursuant to section 11.161 because the record demonstrated that the plaintiff knew before she filed suit that a state agency had previously dismissed her claims for failure to exhaust her administrative remedies and that the school district's counsel had specifically notified the plaintiff that her claims were barred by immunity and the failure to exhaust her administrative remedies. No. 05-12-01308-CV, 2014 WL 1018212, at *8 (Tex. App.—Dallas Feb. 20, 2014, no pet.). Like in *Davison*, the Board argued in its sanctions motion that it provided Thielemann with case law regarding the issue of immunity when Thielemann filed a petition for presuit discovery and that appellees' counsel "repeatedly told [Thielemann] that the College and its Board members are protected by governmental immunity in telephone conversations and again" during a meeting with Thielemann that was held before the Board filed its motion to dismiss. The Board argued that the fact that Thielemann "continued to litigate this matter even after he was provided considerable authority proving that claims against the Board [were] barred by immunity which has not been waived is ample evidence that [Thielemann's] lawsuit was frivolous, unreasonable and without foundation."

As previously discussed, Thielemann's petition sought both forms of relief. *See Heinrich*, 284 S.W.3d at 372 ("[I]t is clear that suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money.").

Unlike in *Davison*, however, none of these arguments were supported by evidence offered at the hearing. The sanctions hearing consisted entirely of arguments of Thielemann and counsel; no testimony or exhibits were admitted into evidence during the hearing. Motions and arguments of counsel do not constitute evidence for purposes of a sanctions proceeding. *See Thielemann*, 371 S.W.3d at 295. At the conclusion of the non-evidentiary hearing, the trial court took judicial notice of "the filings" and the Board's attorney's affidavit attesting only to the amount and reasonableness of attorney's fees incurred. The "filings" in this case, however, do not include Thielemann's Rule 202 petition or the Board's complete response to that petition which were filed under a different trial court case number. *See* TEX. R. CIV. P. 202 (authorizing presuit discovery in civil cases under limited circumstances). Thielemann attached documents to his petition that generally referenced the Rule 202 petition and the Board's response, as well as one page from the Board's response. While the page from the Board's response addressed the issue of immunity, it did not address Thielemann's declaratory judgment action or the ultra vires exception to governmental immunity.

More importantly, unlike in *Davison*, Thielemann's requested declaratory judgment relief seeking interpretation of section 130.0032(d) and an order requiring the Board to comply with section 130.0032(d) is arguably supported by case law as an attempt to require state officials to comply with statutory or

constitutional provisions. *See Heinrich*, 284 S.W.3d at 372; *see also Bell*, 221 S.W.3d at 325. Accordingly, *Davison* is distinguishable on its facts.

Having determined that Thielemann's declaratory judgment claim had an arguably reasonable basis in law, we hold that the court abused its discretion when it sanctioned Thielemann for filing suit against the Board and awarded the Board attorneys' fees and costs pursuant to section 11.161. *See Thielemann*, 371 S.W.3d at 295 (reversing sanctions against party for filing groundless pleading because, although party did not prevail, case law arguably supported party's claims); *see also GTC Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (holding trial court abused discretion in awarding sanctions when no proof that party before filing pleading was aware of evidence discrediting pleading); *Elkins*, 103 S.W.3d at 669 (holding trial court abused discretion in granting sanctions when movant did not "put on any evidence at the hearing").

## Conclusion

We reverse the trial court's award of sanctions against Thielemann and render judgment that the Board take nothing.


Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.