# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2007

Charles R. Fulbruge III
Clerk

No. 07-20318
Summary Calendar

JOHN HATTON,

Plaintiff-Appellant,

v.

DANIEL D. GRIGAR,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3981

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Appellant John Hatton, pro se, appeals the district court's judgment dismissing his claims against Defendant-Appellee Daniel D. Grigar. For the following reasons, we AFFIRM.

In 1997, after a dispute with Hatton over the use of a certain strip of land, Grigar sought a declaratory judgment that the strip of land was a public road. On June 23, 2000, the 268th Judicial District Court of Fort Bend County, Texas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entered judgment declaring the land in dispute to be a public road and granting Grigar an easement on the road. On appeal, the Texas Court of Appeals affirmed the trial court's judgment.

On December 15, 2006, Hatton filed the present suit in the United States District Court for the Southern District of Texas, alleging a trespass to try title claim and seeking a restraining order, a temporary injunction, a permanent injunction, and a declaratory judgment that Grigar is barred from using the same road that was at issue in the state court proceedings. The district court dismissed Hatton's suit, finding that his claims were barred by res judicata. Hatton timely appeals.

The res judicata effect of a prior judgment is a question of law that we review de novo. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004).

Res judicata bars the litigation of claims that have been litigated or should have been raised in an earlier suit. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." Id.

On appeal, Hatton does not dispute the district court's finding that the first three elements for establishing res judicata are met—the parties to the present litigation are identical to the parties in the state court proceeding, the prior action was rendered by a court of competent jurisdiction, and the prior action was concluded by a final judgment on the merits. Rather, he argues that the district court erred in determining that the fourth element was met because the present case involves a different cause of action than the one determined in

the state court proceedings.[1] We disagree. At their core, Hatton's present claims rest on exactly the same issue litigated before the state court: whether the road at issue is a private or public road. Moreover, the state court had the opportunity to consider Hatton's testimony that the road was a private road which he controlled and maintained. Notwithstanding that testimony, the state court found that Hatton did not have any exclusive right to use of the road and that the road was a public road.

Because we find that the same cause of action was involved in the state court action and we find that the district court properly determined that the other three elements for establishing res judicata are met, we AFFIRM the judgment of the district court.

---

[1] In particular, Hatton argues that his trespass to try title claim, unlike the declaratory judgment action before the state court, seeks to determine who has lawful title to the road.