Opinion issued
February 17, 2011

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00588-CV

———————————

John Hatton, Appellant

 

V.

 

Daniel D. Grigar, Appellee



 



 

On Appeal from the 268th District Court

Fort Bend County, Texas



Trial
Court Case No. 06-DCV-152034

 



 

 

MEMORANDUM
OPINION

 

          John
Hatton appeals a final judgment in favor of Daniel D. Grigar and an order
imposing sanctions.  Hatton filed a
trespass to try title action to determine the rights to a road across his
property.  Grigar moved for summary
judgment on the grounds of res judicata. 
The trial court granted the summary judgment and granted Grigar’s
motions for sanctions against Hatton.  

          In
four issues, Hatton contends that the trial court abused its discretion and
denied him due process and equal protection under the law when it transferred
his case from the 240th to the 268th District Court; dismissed his trespass to
try title suit with prejudice; granted a summary judgment to Grigar on the affirmative
defense of res judicata; granted a summary judgment on Grigar’s motion for
sanctions; and granted Grigar a void order for enforcement and injunction.  We conclude that any error concerning the
transfer is waived, the trial court properly granted summary judgment, and the
trial court did not abuse its discretion in imposing sanctions.  We also conclude that we lack jurisdiction
over the portion of Hatton’s appeal pertaining to the motion for enforcement
and injunction.  Finally, we conclude
that Hatton has waived any error relating to his assertions of due process and
equal protection violations.  We affirm.

Background

          This
is not the first appeal involving these parties.  As the Fourteenth Court of Appeals summarized,

This appeal arises from a longstanding dispute over the
ownership of a road. In 1997, Daniel D. Grigar sought a declaratory judgment
that the gravel road abutting John Hatton’s property, which provided access to
Grigar’s landlocked property, constituted a public easement.  On June 23, 2000, after a bench trial, the
trial court entered a judgment in favor of Grigar (the “2000 judgment”),
finding that: (1) Grigar’s land was in fact landlocked, (2) the road
constituted a public road, and (3) an easement of ingress and egress existed by
necessity, prescription, and implication in favor of Grigar.  Hatton appealed the judgment to this court,
and we affirmed.  See Hatton v. Grigar, 66 S.W.3d 545, 557 (Tex. App.—Houston
[14th Dist.] 2002, no pet.).  Although
not detailed by the parties in this appeal, the same facts underlying the 2000
judgment and our decision in Hatton have apparently given rise to
several proceedings in other state and federal courts.

 

Hatton v. Grigar, No. 14-05-01053-CV, 2006
WL 3365494, *1 (Tex. App.—Houston [14th Dist] Nov. 21 2006, no pet.).  In that case, despite having previously
appealed the adverse 2000 judgment, Hatton attempted to file a bill of review
to attack the 2000 judgment a second time. 
Id.  The Fourteenth Court affirmed the trial
court’s grant of summary judgment for Grigar. 
Id.  As part of that case, Hatton also appealed
the trial court’s imposition of sanctions against him and his attorney, Robert
Wallace, for frivolously filing the bill of review.  Id.  The Fourteenth Court affirmed the
sanctions.  Id.

          One of the other proceedings referenced
by the Fourteenth Court was a trespass to try title action—the same claim
Hatton brings in this cause—filed in the District Court for the Southern
District of Texas.[1]   There, as here, Grigar sought dismissal based
on res judicata.  Grigar asserted that the
“2000 judgment” was res judicata of Hatton’s current claim for trespass to try
title.  Hatton v.
Grigar, No.
H-06-3981, 2007 WL 624343, *1 (S.D. Tex. Feb. 22, 2007).  Citing the Fourteenth Court’s opinion, the
federal district court concluded that Hatton’s trespass to try title claim
raised the same issues as the claims adjudicated in the 2000 judgment—namely,
whether the road was a public road and whether Grigar had a right to use the
road.[2]  Id.  The district court granted Grigar’s motion to dismiss, and
the Fifth Circuit Court of Appeals affirmed. 
Hatton v. Grigar, 258 Fed.
Appx. 706, 707, 2007 WL 4370888 (5th Cir. 2007).  The Fifth Circuit explained that Hatton was
attempting to have his title in the road be confirmed but that Hatton had
raised the same issue in the prior case and the trial court rejected it,
finding instead that the road was a public road.  Id.  The Supreme Court of the United States denied
the petition for writ of certiorari.  Hatton v. Grigar, 129 S. Ct. 411 (2008).

          In this case, Hatton filed a trespass
to try title suit in the 240th District Court in Fort Bend County.  Pursuant to local rules, the 240th District
Court transferred the case to the 268th District Court because it was a “filing
involving substantially related parties and claims” as the previous suit in the
268th District Court.  Grigar moved for
summary judgment on the grounds that res judicata barred this suit.  Grigar also moved for sanctions against
Hatton and his attorney, Wallace.  The
trial court granted Grigar’s motion for summary judgment and also imposed
sanctions against Hatton, but not Wallace, for $14,325 for filing a frivolous pleading
and $7,500 for Grigar’s attorney’s fees.

Transfer of Case

          In
his first issue, Hatton contends that the trial court abused its discretion by
transferring his case from the 240th to the 268th District Court.  Within this issue, Hatton recites the appropriate
standard of review for abuse of discretion. 
However, Hatton cites no authority concerning a trial court’s discretion
to transfer a case to another district court in the same county pursuant to
local rules.  After reciting the standard
of review for abuse of discretion, Hatton asserts, “The issue in this case is
whether the Trial Court abused its discretion in dismissing [Hatton’s] Trespass
to Try Title action.”  The merits of the
case are a different issue than whether the trial court abused its discretion
by transferring the case.  Hatton also
asserts—without citation to any authority—that he “was entitled to have his
title to this road tried in the United States District Court for the Southern
District of Texas or sent back to the 240th Judicial District Court” because
Judge Elliott, the judge of the 268th District, signed the 2000 judgment that
granted Grigar an easement and declared the road a public road.

          Texas
Rule of Appellate Procedure 38.1(i) requires that an appellant’s brief “contain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” 
Tex. R. App. P. 38.1(i).  “Rule 38 requires [a party] to provide us
with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue.” 
Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d
118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).  “This is not done by merely uttering brief
conclusory statements, unsupported by legal citations.”  Id. 
“Issues on appeal are waived if an appellant fails to support his
contention by citations to appropriate authority . . . .”  Abdelnour v. Mid Nat’l Holdings, Inc.,
190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Similarly, appellate issues are waived when
the brief fails to contain a clear argument for the contentions made.  Izen v. Comm’n for Lawyer Discipline, 322 S.W.3d 308,
322 (Tex. App.—Houston [1st Dist.] 2010, pet. struck).  Because Hatton’s argument within this issue
cites no relevant authority concerning the transfer of cases, we conclude the
issue is waived due to inadequate briefing. 
See Abdelnour,
190 S.W.3d at 241. 

          We overrule Hatton’s first issue.

Summary
Judgment on Hatton’s Trespass to Try Title Claim

          In his second issue,
Hatton contends that the trial court abused its discretion by granting Grigar’s
motion for summary judgment.  In this
issue, the crux of Hatton’s argument is that the trial court, by signing the
2000 judgment, divested Hatton of title in the road.  Therefore, Hatton argues, until that moment,
he had no right to file a trespass to try title action.  Hatton concludes that res judicata based on
the 2000 judgment cannot bar this suit. 

          Hatton
misapprehends the applicable law.  In the
prior lawsuit, the trial court found, and the court of appeals affirmed the
finding, that Hatton’s predecessors in title had impliedly dedicated a road for
public use.  Hatton, 66 S.W.3d at 557. 
Among the cases discussed by the Fourteenth Court were Scott v. Cannon, 959 S.W.2d 712 (Tex. App.—Austin
1998, pet. denied) and Las Vegas Pecan
& Cattle Co. v. Zavala County, 682 S.W.2d 254 (Tex. 1984).  Both cases make clear that an implied
dedication of a public road theory grants an easement.  Las
Vegas, 682 S.W.2d at 257; Scott,
959 S.W.2d at 718–20.  An easement does
not divest title from the landowner.  Stephen
F. Austin State Univ. v. Flynn,
228 S.W.3d 653, 658 (Tex. 2007) (“An easement does not convey title to property.”); see
also State v. Brownlow, 319 S.W.3d 649, 652 (Tex. 2010) (stating that
under Texas property
law concerning easements, the owners of land subject to
an easement remain the title
holders of the land) (citing Brunson v. State, 418 S.W.2d 504, 506 (Tex. 1967)).  In
fact, part of the Supreme Court’s holding in Las Vegas was that the trial court erred in awarding title to
Zavala County because, under an implied dedication of a public road theory,
only an easement is at issue, not title. 
Las Vegas, 682 S.W.2d at 257.  Because the prior judgment awarded the
public an implied dedication of a roadway easement and did not divest Hatton’s
title, there is no question of title to be tried in a trespass to try title
suit.

          Furthermore,
stripped of the erroneous assertion that the 2000 judgment divested him of his
title in the road, a review of Hatton’s petition and argument in this case makes
clear that he is seeking to prohibit Grigar’s use of the road in question.  This issue has been determined before.  See Hatton, 66 S.W.3d at 554–57.  Hatton
has also tried to assert the same issue in his improperly filed bill of review,
see Hatton, 2006 WL 3365494 at *1,
and in federal court, see Hatton, 2007
WL 624343, at *1.  To the extent Hatton
is seeking a determination of Grigar’s (or the public’s) right to use the road,
this issue has been fully litigated between these same parties to a final
judgment in a court of competent jurisdiction. 
“At their  core, Hatton’s present
claims rest on exactly the same issue litigated before the state court; whether
the road at issue is a private or public road.” 
Hatton, 258 Fed. Appx. at 707, 2007 WL 4370888 at *1.  The trial court did not err by granting
Grigar’s motion for summary judgment on res judicata grounds.  See
Igal v. Brightstar
Info. Tech. Grp., Inc.  250 S.W.3d 78, 86 (Tex. 2008)
(stating elements of res judicata: “(1) a prior final judgment on the merits by
a court of competent jurisdiction; (2) the same parties or those in privity
with them; and (3) a second action based on the same claims as were raised or
could have been raised in the first action”).

          We
overrule Hatton’s second issue.

Sanctions

          In
his third issue, Hatton contends that the trial court abused its discretion by
imposing sanctions against him.  Specifically,
Hatton contends that his filing of this trespass to try title action was done
in good faith because, as discussed above, once the trial court signed the 2000
judgment, an issue concerning the title to the road arose and, therefore, he
had to file a trespass to try title action to resolve the title issue.

          We review a
trial court’s imposition of sanctions for an abuse of discretion. Low v.
Henry, 221 S.W.3d 609, 614
(Tex. 2007).  In reviewing the sanctions
order, we review the entire record to determine whether the trial court abused
its discretion.  Am. Flood Research,
Inc. v. Jones, 192 S.W.3d
581, 583 (Tex. 2006).

          Under rule
13, a court may impose sanctions if a pleading is “not groundless and brought
in bad faith or groundless and brought for the purpose of harassment.”   Tex. R. Civ. P. 13.  A pleading is “groundless” when it has “no
basis in law or fact and [is] not warranted by good faith argument for the
extension, modification, or reversal of existing law.”  Id.  Bad faith involves conscious wrongdoing for a
dishonest, discriminatory, or malicious purpose.  Hatton, 2006 W L 3365494, at *7 (citing Elkins v. Stotts-Brown, 103 S.W.3d 664, 669 (Tex. App.—Dallas
2003, no pet.)). “‘Harass’ is used in a variety of legal contexts to describe
words, gestures, and actions that tend to annoy, alarm, and verbally abuse
another person.”  Id. (citing Elkins, 103 S.W.3d at 664).  “When making its determination to award
sanctions on the grounds that a case is frivolous or legally invalid, a trial
court should consider the entire history of the case.”  Id.
(citing Falk & Mayfield L.L.P. v. Molzan, 974 S.W.2d 821, 824–27 (Tex. App.—Houston [14th Dist.] 1998,
pet. denied)).

          As
discussed above, well-established Texas precedent shows that the trial court’s
2000 judgment did not divest Hatton of title. 
Therefore, there is no basis in law for Hatton’s contention that the
instant suit is not another in a series of attempts to re-try the issue of
Grigar’s right to use the road— a right the trial court determined over 10
years ago after a full trial on the merits.   Based on the record before us, the long
history of this dispute, and the long-standing precedent contrary to Hatton’s
arguments, we cannot conclude that the trial court erred by imposing sanctions.

          We
overrule Hatton’s third issue.     

Motion for Enforcement and
Injunction of 2000 Judgment

          In
his fourth issue, Hatton contends that the trial court abused its discretion by
granting Grigar’s motion for enforcement and injunction.  We note that the motion for enforcement and
injunction and the order granting it were filed in trial court cause number
97-DCV-098376, the lawsuit that resulted in the 2000 judgment.  Hatton filed a notice of appeal in trial
court cause number 06-DCV-152034.  The
clerk’s record before this Court in this cause does not contain the order
appealed from or a notice of appeal filed in trial court cause number
97-DCV-098376.  Absent a timely-field
notice of appeal, this Court lacks jurisdiction and we must dismiss the appeal.  See Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). 
Accordingly, we dismiss that portion of this cause that attempts to
appeal the order granting the motion for enforcement and injunction in trial
court cause number 97-DCV-098376.

Due Process and Equal
Protection

          Within all four of his issues, Hatton contends that,
in addition to abusing its discretion, the trial court “denied [Hatton] due
process and equal protection under the law.” 
Within his first issue, Hatton argues,

Pursuant to Peralta
v. Heights Medical Center, Inc., 485
U.S. 80, 86; 108 S. Ct. 896, 899–900 (1988) and Lopez v. Lopez, 757 S.W.2d 
721, 723 (Tex. 1988), [Hatton] was denied the most basic and fundamental
right of due process which was notice to avail himself of his Constitutional
right to preserve and protect his valuable real property rights from being
taken without due process and equal protection under the law.

 

This is Hatton’s entire argument concerning due process and
equal protection.[3]  He does not identify what act or acts the
trial court committed to deprive him of due process.[4]  Hatton makes no assertion and cites no
authority concerning what process was due and that he was denied that process
or concerning his equal protection rights.[5]   Although he cites two cases, he makes no
attempt to analyze or explain the cases or how the cases apply to his
situation.  We conclude that this issue
is waived due to inadequate briefing.  See Abdelnour, 190 S.W.3d at 241.

          We overrule
Hatton’s four issues to the extent they assert a violation of due process or
equal protection.

Conclusion

          We
affirm the trial court’s judgment and the trial court’s order imposing
sanctions.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.











[1]           In his brief, Hatton asserts that when
he learned of the transfer from the 240th to the 268th District, which he
contends was done “without cause, without notice, and without a hearing,” he
filed the suit in federal court described above, “seeking relief and
instructions under 42 USC Sections 1981 and 1983 in regard to the biased and
improper transfer” of his case.  However,
as described above, the federal court characterized Hatton’s suit as a trespass
to try title action.  Hatton’s pleading
in federal court was entitled “Plaintiff’s Trespass to Try Title and
Application for a Restraining Order, Temporary Injunction, and Permanent
Injunction.”  The relief sought by Hatton
was to “prevent [Grigar] . . . from entering upon” the road and that the 2000
judgment “be declared invalid and unlawful and [Hatton] be awarded judgment for
title to and possession of” the road.

 





[2]           The district court also explained
that, “[i]n a later judgment entered December 20, 2002, Hatton was enjoined from
obstructing the public road. In September 2003, Hatton was held in contempt and
ordered to remove barricades and obstructions from the public road in question.
The Texas Court of Appeals dismissed Hatton’s appeal as frivolous and
sanctioned him and his attorney.  See
Hatton v. Grigar, 2004 WL
583045 (Tex. App.—Houston [14th Dist.] 2004[, no pet.]).”  Hatton v. Grigar, No. H-06-3981, 2007 WL 624343, *1 n.2
(S.D. Tex. Feb. 22, 2007).      





[3]           We acknowledge that within other
issues, Hatton makes numerous conclusory statements that the trial court denied
him due process and equal protection, without making any substantive analysis
or argument.  A typical excerpt follows:

 

            The Honorable Judge further abused his discretion and
denied the Plaintiff, JOHN HATTON,
due process and equal protection under the law pursuant to Article 1, Section
13, of the Texas Constitution and the Fourteenth Amendment to the United States
Constitution when the Honorable Judge granted the Defendant, DANIEL D. GRIGAR’S[,] Motion for Sanctions
since the Plaintiff, JOHN HATTON,
and his Attorney, ROBERT T. WALLACE,
had signed Plaintiff’s Trespass to Try Title And Application For A Restraining
Order, Temporary Injunction, And Permanent Injunction in No. 06-DCV-152034 in good faith and for the purpose of determining
Title to HATTON ROAD which was
renamed GRIGAR ROAD by the Trial
Court, since the Plaintiff, JOHN HATTON,
was entitled to file Plaintiff’s Trespass to Try Title And Application For A
Restraining Order, Temporary Injunction, And Permanent Injunction in No. 06-DCV-152034 in the 240th JUDICIAL DISTRICT COURT of Fort
Bend County, Texas, pursuant to Section 22.001 of the Texas Property Code which
states that “a trespass to try title action is the method for determining title
to lands, tenements, or other property” and pursuant to Martin v. Amerman, 133 S.W.3d 262, 264 (Tex. 2004), wherein
the Texas Supreme Court has held that the trespass-to-try[-title]-statute
governs the parties[’] substantive claims in this case.  That statute expressly provides that it is
“the method for determining title to . . . real property.”

 

            Because
this excerpt and the others similar to it do not attempt to analyze the trial
court’s order granting the motion for sanctions in light of any relevant
authority concerning due process or equal protection, any review of the issue
is waived.  See Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237,
241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Tesoro Petroleum Corp. v.
Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied).





[4]           To the extent Hatton is complaining of
the proceedings that resulted in the 2000 judgment, we note that Hatton already
appealed that judgment and filed a frivolous bill of review in an attempt to
collaterally attack that judgment.  That
proceeding is not at issue in this appeal.

 





[5]           Furthermore, to the extent Hatton
complains of the proceedings that resulted in the 2000 judgment, that judgment
was entered after a trial during which Hatton was represented by counsel,
presented evidence, and cross-examined the witnesses for Grigar.  Hatton does not explain how he was deprived
of due process or equal protection during the prior trial.